## BISSELL *vs.* BISSELL AND OTHERS.

A testator devised certain lands to B, his son, and one of the executors of his
will, on condition that " B shall pay to the other heirs, in money, the surplus
of the appraised value of said land, if the same shall be worth more than one
sixth of my estate; and I give him five years from and after my decease, to
raise, and pay over, said surplus, during which time he is to have the use
and improvement of the said land, and if at the termination of the said five
years, he shall have failed to pay over the same with the lawful interest, then
he is to have his divisional share of one sixth part of my estate."   Soon after
the death of the testator, B took possession of the real estate devised to him,
and the value thereof being greater than his share of the estate, the surplus
was, by distribution, before the expiration of said five years, set to the other
children of the testator.   B afterward erected buildings on said land, and
mortgaged a portion of the same to C, who obtained a decree of foreclosure
against him.   Judgment was also obtained upon B's bond as executor, which
was in part satisfied by the levy of an execution upon said land, subject to
said mortgage to C, and the interest thereby acquired was transferred to the
parties interested in the estate under the will.   No part of the amount re-
quired of B, by the will, was paid by him, and no entry was made upon said
land, for condition broken.   Upon a bill in equity, brought after the expira-
tion of said five years, by the other executor, who was a son of the testator,
praying that said distribution might be set aside, so far as related to the con-
ditional devise to B, and that said lands might be divided among the parties
entitled thereto, and for other relief, to which C filed a cross bill, praying
that there might be paid to him the value of the improvements made by B,
or, in case a partition should be ordered, that the sixth part of the estate de-
vised to B, might be set to him; it was held, 1. That such distribution, being
entirely within the jurisdiction of the probate court, could be set aside, only
upon an appeal to the superior court.   2. That the excess of the value of the
land devised to B, over his share of the estate of the testator, remained a
charge upon said land, to which the mortgage to C, and the interest in
said land, taken on execution, were subject.   3. That, notwithstanding B's
neglect to pay the sum required of him within the time limited in said will,
C, and those who took B's interest, on said execution, were entitled to redeem,
on payment of said charges; but on their failure to do this within a reason-
able time, such right should be foreclosed; and in case they should elect to
redeem, they should contribute in proportion to their respective interests in
the property.

THIS cause came on for a hearing upon the bill of the
plaintiff and the cross bill of Abel H. Clemons, one of the
defendants, before the superior court for Litchfield county,

at the August term, 1855, when the court found the facts in the case, and reserved it for the advice of this court.

The material facts, thus found, are the following.

Benjamin Bissell, the elder, died in April, 1849, leaving a widow and six children, and a large real and personal estate. By his will, he devised certain lands to his son Benjamin, one of the defendants, with this provision annexed: "it being understood that he shall pay to the other heirs, in money, the surplus of the appraised value of said land, if the same shall be worth more than one sixth of my estate; and I give him five years from and after my decease, to raise and pay over said surplus, during which time, he is to have the use and improvement of the said land; and if, at the termination of the said five years, he shall have failed to pay over the same, with the lawful interest, then he is to have his divisional share of one sixth part of my estate."

To his son Lawrence, he devised other lands, subject to the same conditions.

After the execution of his will, he purchased other lands, which, by a codicil, he devised to his son Benjamin and his heirs forever, "upon the same terms, conditions and provisions," named in that part of his 'will which related to Benjamin,' adding, "it being my intention, as named in my will, that he shall have but one sixth part of my estate, and that said land, and that devised to my son Lawrence, shall be appraised when the residue of my estate is appraised."

The plaintiff and Benjamin, Jun., were appointed executors of the will. Soon after the death of the testator, Benjamin and Lawrence took possession of the real estate, devised to them, respectively, and the former erected buildings, and made improvements and betterments upon his part, to the amount of two thousand dollars, and, in January, 1850, he mortgaged a portion of those lands to the defendant, Clemons, who obtained a decree of foreclosure against him, taking effect in November, 1851.

The appraised value of the lands devised to Benjamin,

was $3,720, and of those devised to Lawrence, $3,251. In July, 1850, a distribution was made of the testator's estate among his six children, and the share of each was $1,886.14. The surplus, upon the lands devised to Benjamin and Lawrence, was distributed to the other four children of the testator, being $799.67 to each.

In 1850, a suit was brought against the executors, upon their bond, for waste and devastation committed by them, and the judgment was in part satisfied, by the levy of an execution upon the lands devised to Benjamin, subject to his mortgage to Clemons, and the interest thereby acquired was transferred, by the judge of probate, to the parties interested in the estate.

It was understood that Lawrence had paid the amount required of him by the will, but Benjamin had paid nothing, and no entry had been made upon his land for the condition broken.

The prayer of the plaintiff's bill was, that the distribution might be annulled, and vacated, so far as it related to the lands conditionally devised; that the same might be divided and aparted among the parties entitled to the same, or that other relief might be granted.

The object of the cross bill of Clemons was, to obtain a decree, that the amount of the improvements made by Benjamin, might be paid over to him, or in case a partition should be ordered, that the sixth part, devised to Benjamin, might be set to him, or other proper relief to him granted.

*Phelps*, and *Hollister*, and *Beman*, for the plaintiff.

1. The payment, by Benjamin, of the money mentioned in the will, is a condition precedent to the vesting of the title to the land, devised to him. It was not the intention of the testator to pass the title, and trust him to pay the other devisees their proportions. No forfeiture is suggested; and no condition requiring an entry.

2. The distribution is premature and void, the court of

probate having no jurisdiction when the distribution was made, because the proportions of the devisees could not be ascertained.

The distribution treats the difference between one sixth, and the appraised value of the land, as a debt against Benjamin and Lawrence respectively, whereas they had a mere right of preëmption, optional with them to confirm, or reject, in five years. The amount of the interest of the other devisees depended on the amount Benjamin should have.

3. If the court of probate had a right to make a distribution, that, which was made, was void, because, 1. The debt due from Benjamin to the testator, should have been set to Benjamin, toward his share, $622.80. 2. The *devastavit*, made by Benjamin, should have been set out as a part of his one sixth.

4. The remedy is not in the probate court. That tribunal has exhausted its power, and can not reverse or reform its own decrees.

5. Chancery can relieve against a judgment at law, improperly obtained, or for supervenient causes, by enjoining the party against the use of the judgment. 2 Sw. Dig., 137. Mitford's Pl., 131. 6 John. C. C., 479. 19 Conn. R., 85. 20 Conn. R., 540.

6. If the distribution does not bind the parties, they are tenants in common; they have title; the change in the estate makes it a question of proportions; and chancery is the proper forum to settle proportions and make partition.

7. Clemons is the mortgagee of Benjamin, by deed of 9th of January, 1850, when Benjamin owned one sixth part only; Clemons could have no greater interest than his grantor had. The foreclosure did not enlarge the estate; this one sixth was subject to the diminution by the debt and *devastavit* of Benjamin.

8. In mortgages, the debt is the principal object; if the mortgagee can get his money and interest, it is all he can ask. The case finds betterments were made on the twenty-

seven acres by Benjamin, to the amount of $2,000, in the erection of a house. After deducting the debt and *devastavit*, a partition can be made of the land where the house stands, and make adequate security to Clemons.

9. Since the non-payment, the parties to the bill are tenants in common in unequal proportions. By a commission, chancery can settle the proportions of each, and make partition, giving Clemons enough of the tract conveyed to him to hold the betterments.

*Todd* and *Graves*, for the defendants.

1. The plaintiff, not being interested in the *devastavit* of Benjamin, or the property taken on execution, or any matters concerning the personal estate of the testator, is not entitled to relief. And if he were, all the interest of Benjamin in the real estate having been taken and set off on execution, it can not be granted out of the land devised to the latter.

2. All matters, pertaining to the settlement of the estate, are within the sole jurisdiction of the probate court, and can be set aside by the superior court only on appeal. *Pitkin* v. *Pitkin*, 7 Conn. R., 315. *Bailey* v. *Strong*, 8 Conn. R., 278. *Beach* v. *Norton*, 9 Conn. R., 182. *Cowles* v. *Whitmore*, 10 Conn. R., 121. *Gates* v. *Treat*, 17 Conn. R., 388.

3. Benjamin and Lawrence took a freehold estate, by the devise to them. But although the same has been defeated by a breach of the condition in the will, an actual entry, and demand of seizin and possession, for the condition broken, must be made to revest the estate. 1 Sw. Dig., 93. *Chalker* v. *Chalker*, 1 Conn. R., 79. *Bowen* v. *Bowen*, 18 Conn. R., 535.

A court of chancery will not make partition, until such entry is made, and possession obtained. 1 Sw. Dig., 103. 2 Sw. Dig., 435. 1 Sto. Eq., 605. *Wilkin* v. *Wilkin*, 1 Johns. Ch. R., 117. *Phelps* v. *Green*, 3 Johns. Ch. R., 305. *Coxe* v. *Smith*, 4 Johns. Ch. R., 271–276.

4. Clemons, being the legal owner of all Benjamin's inter-

est in the twenty-six acres, and improvements, is entitled to all the rights of the latter, and the court will direct the value of the improvements to be paid to him before partition is made. 1. Sto. Eq., 608, 609. *Swan* v. *Swan*, 8 Price, 518. And will also direct, that Benjamin's portion be so set off as to include the land mortgaged to, and now owned by Clemons, or so much of the same as will amount to his share of the estate.

5. The plaintiff has a full and adequate remedy at law, and in the probate court.

6. The indebtedness of Benjamin was considered by the probate court, as assets in the hands of the executors, and was property distributed to the heirs as cash. *Bailey* v. *Bailey*, 8 Conn. R., 278. *Davenport* v. *Richards*, 16 Conn. R., 310.

WAITE, C. J. The application to the superior court, as a court of chancery, to set aside the distribution, in this case, can not be sustained. The subject was a matter entirely within the jurisdiction of the court of probate, and its decrees must stand, until set aside by an appeal to the superior court.

But were the case before us, upon an appeal, regularly taken, we see no ground for interfering with the doings of that court. The division made by the distributors, under the circumstances then existing, seems to us as judicious as any that could have been made.

By the terms of the will, the testator's two sons, Benjamin and Lawrence, were to have the lands devised to them, at all events, for the period of five years from his decease. During that period, no other distribution could legally be made, than one, giving them these lands.

And we see no reason for delaying a distribution until after the expiration of that period. There was personal property, which the children might want, and which could not well be apportioned among them, without a distribution.

Under these circumstances, the distributors set to Benjamin and Lawrence the lands, devised to them respectively, and having determined how much, by the terms of the will, they were required to pay to the other children of the testator, distributed to them each an equal share of the amount. This placed the four children upon an equal footing.

But the five years have now expired, and, although it is understood that Lawrence has paid the surplus due from him, yet it is found that Benjamin has paid nothing. The question now is, in what manner the four children of the testator, to whom the balance, due from Benjamin, has been distributed, shall obtain satisfaction for their claims.

Benjamin, by neglecting to pay them, was not to forfeit all his interest in his father's estate, but was nevertheless to have his full share. All the estate of the testator, with the exception of the lands conditionally devised to him, has been distributed to the other children, and so long as that distribution stands, their title under it remains.

It follows, therefore, that the lands conditionally devised to him, must be applied in satisfaction of his share, and of the claims of those to whom he was to make payment, there being no other estate of the testator applicable to such purpose. And, according to the valuation in the distribution, they were equal to that claim when the distribution was made.

Were nothing more required in the case, than a simple division of those lands among the children of the testator, in proportion to their respective interests therein, perhaps adequate remedy might be had in the court of probate, by a further order of distribution; but there are other difficulties, requiring the aid of a court of equity.

Although Benjamin neglected to pay the sum required, within the time limited in the will, yet, as satisfaction may be made, to those entitled to it, by paying the principal and interest, he may still apply to a court of equity, for liberty to redeem the lands, upon paying all that may be due to them.

His creditors, who have taken his interest in those lands, now stand in the same situation. In order therefore to give those persons entitled to the money, a perfect title to the lands, in case a portion should be distributed to them, it is necessary that those creditors should be required to redeem within a reasonable time, and upon their failure to do so, that they be foreclosed of all right to redeem.

Again, Clemons, by his mortgage, and the decree of foreclosure, took only a portion of those lands, and the judge of probate, by the levy of his execution, another portion. Neither has any greater interest therein than Benjamin, the son, had, and both must be considered as having taken, subject to the terms prescribed in the will of the testator. In order to enable them to retain the whole of their respective portions, they must pay the amount which Benjamin was required to pay. If they refuse to do that, they can hold no greater interest than he would have had, provided no portion of that interest had been taken from him.

In case they elect to redeem the four heirs of the testator, to whom the surplus was distributed, they ought to pay in proportion to the interests they respectively have in the property. And if they refuse to redeem, and a sale is ordered, or a partition is made, the division ought to be made upon the same principle.

We advise the superior court, to pass a decree in conformity with these principles.

In this opinion, the other judges, STORRS, and HINMAN, concurred.

Decree accordingly.