64                    MARCH, 1897.

State of Conn. v. Blake, Trustee, et al.                    Vol. 69

STATE OF CONNECTICUT *vs.* HENRY T. BLAKE, TRUSTEE,
ET AL.

First Judicial District, Hartford, January Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, HAMERSLEY and HALL, Js.

A testator gave a portion of his property to the State of Connecticut in
trust, the income to be applied to a specified charitable purpose, and
provided that if the trust should not be accepted, the amount so given
should be divided *pro rata* in augmentation of such other charitable
trusts named in the will as might be accepted. The legislature re-
jected a resolution which in terms authorized and directed the State
treasurer to accept the bequest in behalf of the State; but subsequently
when the bequest was about to be divided among the other charities,
the State claimed title to the fund and sought by injunction to pre-
vent its payment to the substituted legatees. *Held:—*

1. That under the terms of the will an acceptance by the State was a con-
dition precedent to its right to receive the bequest.
2. That an acceptance required not only a willingness to take the property
or fund, but also a promise to expend the income for the charitable
purpose indicated by the will.
3. That the legislature was the only authority which could legally act for
the State in accepting or refusing the trust; and that its action in re-
jecting the resolution was in legal effect a distinct and positive refusal
to accept the trust.
The State offered to show that the judiciary committee which reported
against the passage of the resolution and the General Assembly which
rejected it, were misled in their action by a decision of this court in a
case arising upon another clause of the will in question. *Held* that
this evidence was properly excluded; not only because the private
reasons which influence members of the legislature could not be shown
for the purpose of affecting a legislative act, but also because the con-
ditions in the two cases were so unlike that the decision referred to
was not relevant to prove any such mistake as was claimed.
The determination of a Court of Probate as to the persons or corporations
who are entitled to take any portion of a testate estate lawfully in set-
tlement before it, cannot be re-examined in the Superior Court except
by way of appeal.
Under our statutes all the decrees of a Court of Probate in the settlement
of estates partake in a very large degree of the character of proceed-
ings *in rem*; and can be attacked only by appeal taken within the time
limited.

[Argued January 15th — decided March 23d, 1897.]

SUIT for an injunction to restrain the payment of a trust

fund, for an order of interpleader and for other equitable relief, brought to the Superior Court in Hartford County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*George P. McLean* and *Lynde Harrison,* for the appellant (plaintiff).

The State treasurer is the proper agent to accept and receive funds bequeathed to the State. Section 17 of Art. IV. of the Constitution prescribes the duties of the treasurer, in the following language: " He shall receive all monies belonging to the State, and disburse the same only as he may be directed by law." The legacy was one that the treasurer could receive, accept, and receipt for within the meaning of the law. The fund given by the testator under this will to the State was an absolute gift. *Yale College's Appeal,* 67 Conn. 237. The conduct and acts of the State treasurer or any other officers of the State, do not constitute an estoppel *in pais* against the State; nor can the State suffer because an officer has failed to perform his duty. *Ketchum* v. *Duncan,* 6 Otto, 666; *Day* v. *State,* 68 Texas, 526; Mechem's Public Officers, § 924; *Lake Shore, etc., R. R.* v. *People,* 46 Mich. 193. The Connecticut Constitution is a limitation of the powers of the General Assembly in all cases covered by its provisions. *State* v. *Lewis,* 51 Conn. 127; *Morris* v. *Bulkeley,* 61 id. 290. In this case no affirmative action on the part of the General Assembly, approved by the Governor, has ever been had. If the General Assembly had power under the Constitution, which we deny, to reject this gift, it has not taken the necessary steps to reject it. It is to be noted that the General Assembly of 1893 did not consider any proposition or resolution calling for an acceptance by the General Assembly, as representing the State. The Special Act did not resolve that this fund be accepted by the State. It simply authorized the treasurer to act as the agent of the

VOL. LXIX—5

State, and as such agent to accept this fund; and that was an act of supererogation.   Cushing on Law of Legislative Assemblies, §§ 2375, 2377; *Field* v. *Clark*, 143 U. S. 649. The law laid down in *Dailey* v. *New Haven*, 60 Conn. 314, seemed to cover the facts in regard to the legacy left to the State, and the Governor, in 1893, and treasurer Henry, acted in the belief that the principles in *Dailey's Appeal* were applicable to the bequest to the State.   This was their mistake of law, and they wrongly advised the General Assembly. The judgment in the *Appeal of Yale College* is of no force as a bar to this proceeding.   Freeman on Judgments, §§ 154–156, 495; *Clement's Appeal*, 49 Conn. 535; 2 Van Vleet's Former Adjudication, 909–911, 945.   The State has the same right as an individual to show that the legacy was not accepted because of ignorance and mistake of fact and legal rights, and succeeding in this, is entitled to recover.   Whether a mistake of fact or of law, or of both, is immaterial.   *Northrop* v. *Graves*, 19 Conn. 647; *Park Bros. & Co.* v. *Blodgett & Clapp Co.*, 64 id. 29; *Webb* v. *Alexandria*, 33 Gratt. 168, 177.

*Charles R. Ingersoll* and *John W. Bristol*, with whom was *William H. Ely*, for the appellees (defendants).

The State, having refused the trust confided to it, has no interest in or to the property in question, and cannot maintain this action.   *Yale College's Appeal*, 67 Conn. 237.   The refusal of the State is found as a fact, and this finding is conclusive upon this court.   *Quinebaug Bank* v. *Brewster*, 30 Conn. 559; *Bloodgood* v. *Beecher*, 35 id. 469.   Nor is the finding of the ultimate fact of refusal to accept, any less a finding of fact because such ultimate fact is found from other subordinate and evidential facts detailed in the finding, or because the finding of such ultimate fact may " embody some legal inferences."   *Ins. Co.* v. *Internat. Trust Co.*, 71 Fed. Rep. 88; *Sneed* v. *Sabinal Milling, etc., Co.*, 73 id. 925.   But if the finding is merely a conclusion of law from the subordinate facts found, the same result follows, and the State has no interest in the trust fund.   Acceptance by the State was a condition precedent to any vesting of the fund in the State.

*Yale College's Appeal, supra ; Dailey* v. *New Haven,* 60 Conn. 314; *Seeley* v. *Hincks,* 65 id. 1; Woerner's Amer. Law of Admin. 952; *Blean* v. *Messenger,* 33 N. J. Law, 499; *Wheeler* v. *Fellowes,* 52 Conn. 238; *Farnam* v. *Farnam,* 53 id. 261; *Smith* v. *Edwards,* 88 N. Y. 92.    No affirmative action on the part of the State is required by the will, to constitute such refusal to accept.    The intentional failure to accept within the time pointed out by the testator, is sufficient.    *Kirkland* v. *Narramore,* 105 Mass. 31; *Ayres* v. *Weed,* 16 Conn. 291; *Solomon* v. *Wixon,* 27 id. 520, 526; *Lawrence's Appeal,* 49 id. 411 ; *Armstrong* v. *Moriel,* 14 Wall. 120.    The demand of the treasurer of the State in February, 1896, upon the trustee, was ineffective and nugatory ; for the State, through its General Assembly, had refused to accept the trust, and the right to receive the property in question had vested in the other accepting legatees.    Such right is a property right, of which they cannot be deprived by any subsequent action of the treasurer of the State or of its General Assembly, or of the State itself.    Such accepting legatees have at least a " vested right to recover " the property in question, upon the refusal of the State to accept.    *Hubbard* v. *Brainerd,* 35 Conn. 563, 576 ; *Angle* v. *St. P., etc., R. R.,* 151 U. S. 1 ; *Power* v. *Harlow,* 57 Mich. 111 ; *Dunlap* v. *Toledo, etc., R. R.,* 50 id. 474. A court of equity will not relieve for failure to perform such a condition precedent as is contained in this will, from whatever cause resulting. ' *Reynolds* v. *Denman,* 20 N. J. Eq. 218; *Campbell* v. *McDonald,* 10 Watts (Penn.), 179 ; *Priestly* v. *Holgate,* 3 Kay & J. 286 ; *Van Horn* v. *Dorrance,* 2 Dall. 317 ; *Francis* v. *Deming,* 50 Conn. 108, 111 ; *Caw* v. *Robertson,* 5 N. Y. 125, 135 ; *Davis* v. *Angell,* 31 Beav. 223 ; *Davis* v. *Gray,* 16 Wall. 203, 229; *Giddings* v. *Insurance Co.,* 102 U. S. 108, 111 ; *Vatable* v. *N. Y., etc., R. R.,* 96 N. Y. 49. No notice to the treasurer of the State, of the legislative proceedings in reference to this trust fund, was necessary.    The State itself had notice and the treasurer had no power to accept.    Const. of Conn., Art. IV., § 17; Gen. Stats., § 304. But in any case, the want of notice never invalidates legislative action.    *Maynard* v. *Hill,* 125 U. S. 190, 209; *Granby*

v. *Thurston,* 23 Conn. 416 ; *First Soc. of Waterbury* v. *Platt,*
12 id. 181.   The determination and judgment in the case of
*Yale College et al.'s Appeal,* is conclusive upon the rights of
the parties in the case at bar.   The possession of a deceased
person's estate gives the Court of Probate jurisdiction over
all matters pertaining to its settlement and distribution.
Gen. Stats., §§ 558, 628 ; *Bailey* v. *Strong,* 8 Conn. 278 ;
*Gates* v. *Treat,* 17 id. 388, 392 ; *Bissell* v. *Bissell,* 24 id. 241,
246 ; *Ashmead's Appeal,* 27 id. 241 ; *Butler* v. *Sisson,* 49 id.
580.   In all cases of testamentary trusts the jurisdiction of
·the Court of Probate is now established by statute.   General
Stats., §§ 498, 499.   Its jurisdiction in such cases is in the
nature of the jurisdiction *in rem.*   *Rockwell* v. *Bradshaw,* 67
Conn. 8 ; *Johnes* v. *Jackson,* ibid. 81.   Special notice in pro-
bate proceedings in the administration of a deceased person's
estate, is necessary only when required by the statute.   *Kel-
logg* v. *Johnson,* 38 Conn. 269 ; *Donovan's Appeal,* 40 id. 154 ;
*Rockwell* v. *Bradshaw,* 67 id. 8 ; *Cunningham* v. *Macon,* etc.,
*R. R.,* 109 U. S. 451.   The rulings of the trial court on ques-
tions of evidence are clearly correct.   *Adams* v. *Way,* 32
Conn. 160 ; *Scott* v. *Spiegel,* 67 id. 358 ; *Judson* v. *County
Com'rs,* 68 id. 16 ; *State* v. *Staub,* 61 id. 566 ; *Soon Hing* v.
*Crowley,* 113 U. S. 703.

ANDREWS, C. J.   This is a complaint brought by the
State of Connecticut against Henry T. Blake, the sole sur-
viving trustee under the will of Philip Marett, late of New
Haven, deceased, and certain others who are legatees under
the will.   In a general way the gravamen of the complaint
is this :  The plaintiff claims to be entitled to the one tenth
part of the estate of the said Marett which is now in the
hands of Mr. Blake as the said trustee, while the other leg-
atees claim that they are entitled to the same one tenth of
that estate.   The complaint prays for an injunction restrain-
ing the said trustee, Blake, from paying over the same to the
other legatees, and for an order and decree commanding him
to pay the same to the plaintiff.

Philip Marett was an inhabitant of New Haven and died

there on the      day of      1869. On the 27th day of
April, 1869, his will was duly probated in the Court of
Probate for the district of New Haven. The will, after
making some minor bequests, gave all the estate to trustees,
to hold and pay over to the widow and the only child of the
testator the whole of the income during their joint lives and
to the survivor for the life of such survivor, and after the
death of the survivor the will provided that "all the remain-
ing amount of the trust estate shall be disposed of as is here-
inafter directed." The will then proceeds: "Seventh. . . .
The balance or remainder of such trust estate, including
whatever may not be disposed of by my wife and daughter,
or either of them, pursuant to the authority herein given, I
hereby direct shall after the decease of the survivor of them be
appropriated, distributed, and disposed of as follows, namely:
One fifth part to the Connecticut Hospital Society, in trust,
the income to be applied to the support of free beds for the
benefit of poor patients in said institution, giving preference
to those incurably afflicted, if such are admissible. One fifth
part to the city of New Haven, to be held in trust by the
proper authorities, and the income to be applied through such
agencies as they see fit for the supply of fuel and other
necessaries to deserving indigent persons, not paupers, pre-
ferring such as are aged or infirm. One fifth part to the
President and Fellows of Yale College, in trust, the income
to be applied to the support of scholarships or such other
purposes in the academical department as they may judge
expedient. One tenth part to the New Haven Orphan Asylum,
to be held in trust, and the income applied to the support of
poor inmates therein. One tenth part to the Saint Francis
(Catholic) Orphan Asylum, to be held in trust, and the
income to be applied to the support of poor inmates therein.
One tenth part to the city of New Haven, in trust, the in-
come to be applied by the proper authorities for the purchase
of books for the Young Men's Institute, or any public library
which may exist in said city. One tenth part to the State of
Connecticut, in trust, the income to be applied towards the
maintenance of any institution for the care and relief of idiots,

imbeciles, or feeble-minded persons. The appropriations specified above are to be made effective, notwithstanding any deficiency or inaccuracy of description, so that my objects may not be defeated by any technicality or informality. Should any of the trusts not be accepted the amount intended therefor shall be proportionately distributed in augmentation of such as may be accepted."

The widow of Mr. Marett died September   , 1878, and his only child on September 8th, 1889. The trustees thereafter settled their trust accounts with the Court of Probate, and on the 1st day of November, 1889, asked for an order of distribution of the estate. And thereupon, after due notice and hearing, an order was made on the 27th day of November, 1889, by the said Court of Probate, commanding the trustees to distribute and pay over the funds in their hands to the persons and corporations entitled to receive the same under the will of the said deceased. Pursuant to that order the trustees distributed the several portions of said estate bequeathed by said will to the parties entitled thereto under the provisions of the same, and in accordance therewith and with the orders and decrees of said Court of Probate, except the portion bequeathed to the State of Connecticut in trust, the income to be applied, etc., etc., as appears in the will. In making the distribution as aforesaid, a practical difficulty had confronted the trustees in respect to that portion of the fund bequeathed to the city of New Haven in trust, the income to be used to supply fuel and other necessaries for indigent persons, not paupers, an account of which and the disposition thereof is set out at length in the case of *Dailey* v. *New Haven*, 60 Conn. 314.

Prior to the 27th day of June, 1893, such things had been done by the State of Connecticut and by its executive officers, and by the legislature, that Mr. Henry T. Blake, then the sole trustee, decided that the State had refused to accept the bequest to it under the will; and on said day he made an application to the Court of Probate in the district of New Haven, setting forth that the State had refused to accept the bequest, and praying said court to appoint another trustee

to secure and manage the bequest according to the terms of the will. Upon that application said court caused notice to be given to all persons interested to appear and be heard, and on the 3d day of December, 1893, after due hearing, found the said application to be true, that the State had refused to accept said bequest, and appointed Mr. Rufus E. Holmes to be the trustee of the said bequest in place of the State. From the order and decree so appointing Mr. Holmes trustee, the President and Fellows of Yale College appealed to the Superior Court, as did the other legatees named in said will, assigning as their reason of appeal, that as the State had refused to accept the said bequest and as the other bequests had been accepted, "the amount intended therefor should be proportionately distributed in augmentation of such as" had been accepted, and that a trustee could not under the terms of said will be appointed.  ·

That appeal came to the Superior Court in New Haven county and was heard in September, 1895. That court made a finding of facts, among other things finding in effect, as the pleadings in the case stated, that the State had refused to accept said bequest, and reserved all the questions of law arising on the case for the advice of the Supreme Court of Errors. The Supreme Court of Errors gave its advice to the Superior Court, as appears in the case of *The President and Fellows of Yale College et al., Appeal from Probate*, 67 Conn. 237—that the said order and decree of the Court of Probate appointing Rufus E. Holmes trustee, was void, and should be set aside; because, by the terms of Mr. Marett's will, upon the refusal of the State to accept the said bequest, Mr. Blake must distribute the fund remaining in his hands in augmentation, proportionately, of the other trusts. On the 14th day of February, 1896, the said Superior Court rendered its judgment in said cause in accordance with the advice and opinion of the Supreme Court of Errors; among other things adjudging and deciding "that the said State of Connecticut did, prior to December 13th, 1893, decline and refuse, and ever since [said] last mentioned date has declined and refused to accept said trust."

A brief résumé of the facts we have now gone over, may be of value in showing clearly the questions which this case present: The testate estate of Philip Marett was, and still is, in settlement in the Court of Probate in the district of New Haven; that being the court which has jurisdiction of the settlement of that estate. The settlement had progressed so far that an order for the distribution of the estate had been made, directing the trustees to pay over the portions thereof to the persons and corporations entitled thereto under the will of Mr. Marett. The trustee, in compliance with that order, had distributed and paid over all but one tenth of that estate. The Court of Probate, by an appeal to the Superior Court, had been advised who the persons and corporations were who were and are entitled under the will of Mr. Marett to the said remaining one tenth of his estate, and the trustee was about to distribute, proportionately, to the said persons and corporations the sum remaining in his hands, in augmentation of the shares they had previously received. In that stage of the settlement of the estate the present suit was brought; and it prays that Mr. Blake, the trustee, may be enjoined from paying over the money now in his hands, to the persons and corporations whom the said Court of Probate has been advised are entitled, under the will of Mr. Marett, to receive it; and for an order directing and commanding him to pay the same to the plaintiff. Judgment was rendered for the defendant, and the plaintiff has appealed.

The complaint alleges that the State had accepted the bequest made in its favor in the will of Mr. Marett. This allegation shows the construction which the State puts on that will, *viz:* that an acceptance by the legatee is a condition precedent to the right of the legatee to receive the bequest. This is doubtless the necessary construction which the will must bear. *Seeley* v. *Hincks*, 65 Conn. 1; 2 Woerner's Amer. Law of Admin., § 440; *Marston* v. *Marston*, 47 Me. 495. This allegation of the complaint was denied in the answer, and the court found it not to be true,—that the State had not accepted the bequest, but had refused to accept it.

It follows, therefore, that upon such finding the judgment is right, and that the State is not entitled to recover.

The plaintiff—now appellant—insists that the finding is vitiated by errors, and must be set aside. Very many errors are assigned, but they can all be easily divided into three or four classes, and considered in that way: First, those that depend upon the authority of the State treasurer; second, those that depend on the action of the legislature; third, those that depend on the construction of the case of *Dailey* v. *New Haven;* and fourth, those that depend upon the rulings upon evidence.

Before adverting to any of these errors, it will be instructive to consider what an acceptance by the State, of the legacy in Mr. Marett's will, really meant. The acceptance of that bequest required more than a willingness to take the money. It included also a promise on the part of the legatee to expend the income of the money for the charitable purpose which the testator had indicated. The legacy included a trust. The fund which the legatee was to receive was a trust fund. The legatee was to become a trustee under obligations to expend the income of the fund in accordance with the provisions of the will. Such an acceptance on the part of the State could only be made by some one authorized to bind the State to the performance of the trust. The question being not only who should take the fund, but who should execute and perform the trust. In this sense the State treasurer had no authority whatever to accept the bequest of the will. The State treasurer is the proper custodian of all moneys belonging to the State. The Constitution says of the treasurer, Art. IV., § 17 : " He shall receive all monies belonging to the State, and disburse the same only as he may be directed by law." This is the full measure of his authority. General Statutes, Chap. 33. The treasurer may receive money, but he cannot control in any way as to its disbursement. He had no authority to bind the State to the performance of the trust. Notice to the treasurer, or want of notice to him, could be no more than a circumstance tending to show whether the State had, or had not, accepted the bequest.

An acceptance of the bequest by the State in the sense now indicated—being that which the will requires—could only be made by the legislature. The State expresses its intention in a matter of this kind by the legislature. The legislative intention in such a matter is the intention of the State. The legislature is the supreme law making branch of the government, and it only can bind the State to act as a trustee. Cooley, Const. Lim. (6th ed.) 104; *Woodruff, etc., v. N. Y. & N. E. R. R.*, 59 Conn. 63, 83; *Wheeler's Appeal from Probate*, 45 id. 306; *Prop'rs of White School House v. Post*, 31 id. 240, 257; *Lowrey v. Gridley*, 30 id. 450, 458; *Pratt v. Allen*, 13 id. 119, 124; *Starr v. Pease*, 8 id. 541.

It is urged that the legislature could express its intention on this question only by some affirmative act; that is, by some vote or act saying in terms that it did accept, or that it did not accept. This argument cannot be sustained. The inquiry before the Superior Court was whether or not the legislature had expressed its intention on the question of accepting the bequest in Mr. Marett's will. The Governor had in his message called the attention of the legislature to the fact of the bequest, and had requested them to take appropriate action thereon. A bill thereafter was introduced which by its terms provided that the State should accept the said bequest, and that the income should be expended as is expressed in the will. This bill was by both houses referred to the joint standing committee on the judiciary. In committee it was considered and a report made recommending that the bill ought not to pass. That report was accepted by both houses and the bill was rejected. This action was affirmative action on the report of the committee. The report of the committee was accepted. If the report of the committee had been rejected and the bill passed, that would have been an unmistakable indication that the legislature intended to accept the bequest. But the legislative intention to refuse to accept the bequest is none the less distinct when the report is accepted and the bill rejected. Rejecting a bill to approve is as decisive as adopting a bill to reject. And so far as the present case is concerned the legal effect is the same in the

one case as in the other; for the reason that, as an acceptance of the bequest is a condition precedent to the right of the State to receive the fund, an omission to accept has the same effect on the right of the State, so far as this case is concerned, as would an express refusal to do so. No reason was given in the report of the committee, nor is any given in the legislative journals, for the action taken. It may, perhaps, be fairly supposed that the committee and the legislature deemed it inexpedient that the State should act as trustee for any individual.

The plaintiff offered to prove that at the hearing before the judiciary committee on the said bill, the decision of this court in the case of *Dailey* v. *New Haven* was produced and read, and that the committee was misled thereby as to the effect on said bequest which a refusal by the State to accept would have, and offered other evidence of what occurred on said hearing before said committee, and claimed therefrom that said committee acted under a mistake in reporting that said bill ought not to pass; and that the legislature acted under a mistake when it voted to accept said report and reject the said bill, and therefore the vote was not binding on the State. This evidence on objection was ruled out. One ground for such ruling was that whatever took place before said committee was not made known to the legislature, and that the private reason which influenced the individual members of the legislature could not be shown for the purpose of affecting a legislative act. The intention of the legislature can only be shown by its vote. *Fletcher* v. *Peck*, 6 Cranch, 87; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Flint etc.* v. *Woodhull*, 25 Mich. 99; Sutherland on Stat. Construction, § 430; Endlich on Statutes, § 32.

Another reason was that the said evidence did not tend to prove any such mistake. That decision was not a fact relevant to show such a mistake. The will of Mr. Marett provided that if any bequest therein made was not accepted, the amount intended therefor should be distributed, proportionately, in augmentation of the other bequests which were accepted. One bequest was of a fifth part of the residue of

his estate to the city of New Haven, the income to be ex-
pended in providing necessaries for deserving, indigent per-
sons, not paupers, in that city.   This court decided in the
case of *Dailey* v. *New Haven*, that the city of New Haven
did not possess the legal capacity to take that fund, and that
in the eye of the law Mr. Marett had not named any trustee
for that bequest.   The will was defective in this particular.
It was as though no trustee at all had been named, and this
court held that the trust would not fail for that reason; be-
cause in such case the proper court could appoint a trustee
who might act, and perform the same duties as one named
in the will.   That decision construed a clause of Mr. Mar-
ett's will wherein he had created a trust fund, but had named
no trustee to take the fund and perform the trust.   Another
bequest in that will was a tenth part of the residue to the
State of Connecticut, the income to be applied to a charita-
ble purpose.   Here was a trustee named, perfectly compe-
tent to act.   A sovereign State may be a trustee.   Lewin
on Trusts and Trustees, *30; 1 Perry on Trusts, § 41.   If this
trustee did not accept the trust, a condition of things was
presented to which the words of the will exactly applied.
The fund was to be distributed in augmentation of the other
bequests which were accepted.   The will itself directed what
was to be done.   There was no ambiguity, no omission or
defect in the will, and there was nothing on which a court
could act.   One fact is relevant to another fact when, accord-
ing to the common course of events, the existence of the one,
taken alone or in connection with other facts, renders the
existence of the other certain or more probable.   Stephen's
Dig. Ev., Art. I; *Lamprey* v. *Donacour*, 58 N. H. 376, 377.
The fact that a court could appoint a trustee to take a char-
itable bequest under Mr. Marett's will, for which that will
had omitted to name any trustee, does not, according to the
common course of events, render it certain or even probable
that the court could appoint a trustee to take a charitable
bequest under that will, for which the will had named a
competent trustee, but who had not accepted the bequest,
when the will provided exactly what was to be done in such

case; so that there was nothing on which the court could act. A decision that the proper court should do the former would never mislead anyone into a belief that any court could do the latter. The two conditions are not related. They are as unlike as thorns and figs, or grapes and thistles. Men who see a thorn are not mislead into a belief that they can gather figs therefrom; nor, seeing a thistle, do they expect to find grapes. As there was no mistake made by the State in respect to its "rights, duties and obligations" under the will of Mr. Marett, when it decided not to accept the bequest therein made in its favor, it has now no standing to change its action in that behalf. The bequest over has become vested. *President and Fellows of Yale College et al. Appeal,* 67 Conn. 237.

What we have now said shows that there is no material error in the rulings upon evidence. So far as these rulings relate to the State treasurer, they are immaterial; so far as they relate to the legislature, the evidence did tend to show that the legislature had knowledge of Mr. Marett's will when it voted on the bill reported by the judiciary committee.

But there is another ground which is, perhaps, quite as decisive of this case as the one already considered: that the Superior Court, as a court of equity, has no jurisdiction to interfere with the settlement of Philip Marett's estate. The settlement of estates is by law committed exclusively to the Court of Probate; and the Superior Court has no jurisdiction in such matters except by appeal from some order of the Court of Probate.

We have already mentioned that the testate estate of Philip Marett was in settlement in the Court of Probate. The trustee under the will having lawfully distributed all but one tenth of the estate, was about to distribute that one tenth, pursuant to the order of that court, to the persons and corporations who, under the will, were, as that court had decided, entitled to receive the same. In this condition the plaintiff, alleging that the persons and corporations to whom the said trustee was about to make the distribution, were not entitled thereto, sought to obtain a decree of the Superior

Court by which that distribution should be set aside. "In this general view, it is a very singular and most unprecedented bill, and cannot, without a departure from the provisions of our statute, respecting the settlement of estates, testate, intestate and insolvent, as well as the whole course of proceedings on the subject, be sustained. The statute vests in the Court of Probate, the whole power of settling estates; and this court has had occasion, several times, of late, to express a very decided opinion, that the Superior Court could not interfere in questions of property cognizable by the Court of Probate, except by virtue of its appellate jurisdiction, through a regular appeal." *Beach* v. *Norton,* 9 Conn. 182, 196, DAGGETT, J., citing *Bacon* v. *Fairman,* 6 id. 121; *Pitkin* v. *Pitkin,* 7 id. 307; *Bailey* v. *Strong,* 8 id. 278. The law thus expressed has been followed and applied so many times since that it cannot now be questioned; especially in respect to the distribution of estates. *Bissell* v. *Bissell,* 24 Conn. 241; *Ashmead's Appeal,* 27 id. 241, 248; *Clement* v. *Brainard,* 46 id. 174; *Rockwell* v. *Bradshaw,* 67 id. 8, 17, 18; *Johnes* v. *Jackson,* ibid. 81–90; *Whiting's Appeal,* ibid. 379; General Statutes, §§ 558, 628, 629.

The decree of the Court of Probate establishing the will of Mr. Marett was in the nature of a judgment *in rem,* and conclusive on everybody who had any interest in the will, or the property conveyed thereby. All such persons are parties to the proceedings. *Johnes* v. *Jackson,* 67 Conn. 81, 90; *Thompkins* v. *Thompkins,* 1 Story, 547. The present plaintiff was a party to that proceeding sufficiently to be bound thereby. Our statutes give to all the decrees of a Court of Probate in the settlement of estates, in a very large degree the character of proceedings *in rem;* because they are necessarily conclusive on the matter in controversy, for the common safety and repose of mankind. No such decree can be attacked except by appeal taken within the time limited. General Statutes, § 436; *Gallup* v. *Smith,* 59 Conn. 354; *Lake's Appeal,* 32 id. 331; *Lancaster's Appeal,* 47 id. 248. The Court of Probate in New Haven, having jurisdiction to establish the will of Mr. Marett, has exclusive jurisdiction to

determine the persons or corporations who are entitled to take any of said estate under the terms of that will; General Statutes, §§ 558, 628; and its determination cannot be re-examined in the Superior Court except by way of appeal. *Clement* v. *Brainard*, 46 Conn. 174, 181; *Dickinson* v. *Hayes*, 31 id. 417; *Judson* v. *Lake*, 3 Day, 318; *Gates* v. *Treat*, 17 Conn. 388; *Kellogg* v. *Johnson*, 38 id. 269; *Butler* v. *Sisson*, 49 id. 580.

There is no error.

In this opinion the other judges concurred.