JAMES P. PIGOTT, ADMINISTRATOR D. B. N. ET AL., *vs.*
JEROME F. DONOVAN ET ALS.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

There is no occasion for an executor to bring an action in the nature of
interpleader, in order to determine who is entitled to receive a
balance in his hands after thè settlement of his administration
account; for in so far as the conflicting claims arise under the will,
they pertain to the settlement and distribution of the estate, and
therefore fall within the exclusive jurisdiction of the Court of
Probate, at least in the first instance; and in so far as the claimants
base their alleged right upon a garnishment of the interest of a
legatee or beneficiary under the will, they stand in his shoes and
can take only to the extent of his interest as it may be determined.
by the Court of Probate; and therefore the Court of Common
Pleas is powerless to assume jurisdiction in such a situation under
the cover of an action in the nature of interpleader.

The position of an executor who has been garnished by an alleged cred-
itor of a legatee, is not one of hardship or hazard, and is fully pro-
tected by §§ 942 and 943 of the General Statutes.

A former trustee who has resigned and been superseded by another
appointee has no interest in the trust estate.

Argued January 19th—decided February 21st, 1917.

ACTION in the nature of interpleader to determine the
rights of the respective parties to a fund in the posses-
sion of the plaintiff administrator, for an injunction,
and for certain equitable relief, brought to the Court
of Common Pleas in New Haven County where the
defendant Donovan's demurrer to the amended com-
plaint was sustained (*Simpson, J.*) and judgment ren-
dered for the defendants, from which the plaintiff
appealed. *No error.*

The complaint alleges the following facts: The plain-
tiff is administrator c. t. a. upon the estate of Elizabeth
Hagerty, who died possessed of real and personal es-

tate, and left a will in which she gave to her stepson William Hagerty certain personal property and the use and net income for his life of real estate in New Haven, and to Richard J. McCarty the residue of her estate including the remainder over in the real estate. January 15th, 1912, the plaintiff filed his administration account, which was approved and accepted February 20th following. This account showed a balance on hand of $192.57 entered in the account as "on hand for trustee." This amount has since slightly increased by the addition of interest and remains in the plaintiff's possession.

February 21st, 1912, Jerome F. Donovan brought suit against Hagerty and factorized the plaintiff as administrator. July 27th following, the A. B. Clinton Company likewise brought suit against Hagerty, and made service upon the plaintiff administrator as garnishee.

February 24th, 1912, John S. McCarty was appointed by the Court of Probate trustee for the benefit of Hagerty under the will and qualified as such trustee. August 26th, 1913, upon the resignation of McCarty, the court appointed Daniel J. Bailey as trustee in his stead and he thereupon qualified.

The plaintiff brings his action in his capacity as administrator and also individually and as claimed trustee.

All of the above named persons are made parties defendant in their several capacities.

*James P. Pigott,* for the appellant (plaintiff).

*Charles S. Hamilton,* for the appellee (Donovan defendant).

PRENTICE, C. J. The existence, or claimed existence, of money or other property in the possession of one person or party, and of conflicting claims thereto by two

or more others, are necessary conditions precedent to the maintenance of an action in the nature of interpleader under our statute. General Statutes, § 1019. In this case the plaintiff alleges that he has in his hands, after the acceptance of his final account as administrator, a small balance to which six persons or parties, cited in as defendants, present conflicting claims. It is not specifically alleged in what capacity this balance is held, but it clearly appears from the complaint that the plaintiff holds it in his capacity as administrator c. t. a. of Elizabeth Hagerty's estate, and in the due course of the settlement and distribution of that estate not yet fully completed.

Of these six defendants, one, John S. McCarty, upon the allegations of the complaint, is in no position to lay claim to any part of this fund. The only way in which he is brought into possible relation to the matter in controversy is through his appointment at one time by the Court of Probate as trustee for the benefit of Hagerty. That appointment, however, became terminated long since by reason of his resignation and the appointment and qualification of the defendant Bailey in his stead.

Three of the remaining defendants and alleged claimants are Hagerty, the life tenant of certain real estate owned by the testatrix; Bailey, trustee for his benefit; and Richard J. McCarty, the beneficiary of the rest and remainder of the testatrix's property. In so far as these persons may have conflicting claims, they are such as arise out of the settlement and distribution of the estate which the plaintiff is administering, and as such they are for the Court of Probate to deal with, at least in the first instance. If that court has not already determined to whom the balance in the plaintiff's hands should be paid, it is within its province to do so. If it has already determined that matter, as the plaintiff's

Pigott *v.* Donovan.

brief seems to admit that it has, such determination is conclusive in the absence of an appeal therefrom to the Superior Court. The Court of Common Pleas is powerless to assume jurisdiction in the premises under the cover of an action in the nature of interpleader. *State* v. *Blake,* 69 Conn. 64, 78, 36 Atl. 1019.

The defendants Donovan and the Clinton Company are parties who, claiming to be creditors of Hagerty, have brought suit against him, and made service upon the plaintiff administrator as garnishee. They, therefore, are not in a position to assert a claim to any part of the fund in the plaintiff's hands. They have only taken the first step to gain that position by instituting suits against Hagerty and sequestering the money in the plaintiff's possession to remain there for the satisfaction of judgments they may obtain in those suits. If such judgments are rendered, they will have succeeded only in substituting themselves for Hagerty in his relation to the fund. The rights which they will then be able to assert are Hagerty's and they are determinable, as we have seen, by the Court of Probate. Upon their determination by the order of that court, whether favorably or unfavorably to Hagerty, if such determination has not already been had, all possibility of conflicting claims will have vanished. As between the two attaching creditors there can be no dispute. The plaintiff's position as to them is only the ordinary one occupied by a garnishee in his relation to factorizing creditors, attended with no hardships or hazards, and fully protected by the provisions of statute. General Statutes, §§ 942, 943.

There is no error.

In this opinion the other judges concurred.