FLORENCE M. LOCKETT, EXECUTRIX (ESTATE OF JOHN
W. LOCKETT) *v.* ANNA DOYLE, ADMINISTRATRIX
(ESTATE OF WALTER J. DOYLE), ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 14—decided August 1, 1961

*Roman J. Lexton,* for the appellants (defendants).

*Carlos A. Richardson,* for the appellee (plaintiff).

MURPHY, J.  The plaintiff appealed to the Superior Court from a decree of the Probate Court for the district of Berlin *(Gwiazda, J.)* in which that court attempted to interpret as a trust agreement a written agreement between the plaintiff's decedent and the defendants' decedents concerning certain shares of stock.  The Probate Court held that a trust

was created as to those shares and that the plaintiff should transfer them to the defendants. The plaintiff in her reasons of appeal attacked the power and jurisdiction of the Probate Court to assume to do what it did and the construction made by it of the agreement. The trial court construed the agreement as an absolute transfer of the stock and rejected the claim that a trust was created. From the judgment rendered, the defendants have appealed.

The plaintiff is the executrix of the will of her husband, John W. Lockett, who died October 23, 1943. In the inventory of his estate, she listed 3060 shares of stock in the New Britain Record Company as his absolute property. On November 6, 1944, the then judge of probate, William F. Mangan, approved the first and only administration account filed by her. Anna Doyle is the defendant administratrix of the estate of her husband, Walter J. Doyle, who died March 8, 1939, and also the defendant administratrix of the estate of her mother-in-law, Mary A. Doyle, who died March 22, 1942. The agreement which the Probate Court attempted to construe was executed in 1937 by and between Walter J. Doyle and Mary A. Doyle and John W. Lockett. In it, the Doyles agreed to, and did, transfer 3060 shares of stock in the record company to Lockett under certain terms and conditions. The six months limited for the presentation of claims against the Lockett estate expired on May 12, 1944. No claim was made against the Lockett estate by the defendants or anyone representing the Doyle estates.

On or about August 17, 1956, the plaintiff received a "notice of hearing on administration account" in the estate of John W. Lockett. This was an order issued and subscribed by Henry J. Gwiazda, the

judge of probate. It directed the executrix to give notice of the hearing to all interested persons. Actually, that notice was given by a third party. At the time, there was no administration account before the Probate Court for hearing. The only account in the estate had been approved by Judge Gwiazda's predecessor about twelve years before. The Probate Court, however, entered a decree on February 21, 1957, in which it concluded that the agreement above referred to created a trust of the shares of stock. The court found that the stock should be transferred from the Lockett estate to the Doyle estates. The plaintiff thereupon appealed to the Superior Court. The defendants filed a plea in abatement on the ground that the appeal was returned late. The Superior Court correctly overruled the plea. In the view which we take of the case, it is unnecessary to discuss the plea in abatement further.

A court of probate can exercise only such jurisdiction as is expressly or by necessary implication conferred upon it by statute. General Statutes § 45-4; *Burnham* v. *Rayford,* 141 Conn. 96, 100, 104 A.2d 217; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138. The Superior Court, on an appeal from probate, sits as, and has no greater power than, a court of probate. *Baldwin* v. *Tradesmens National Bank,* 147 Conn. 656, 659, 165 A.2d 331; 1 Locke & Kohn, Conn. Probate Practice § 215. Rather belatedly, the defendants concede correctly in their brief that the Probate Court lacked the power to interpret the agreement, to declare that it created a trust and to decide the question of title to the stock. Had the concession been made in the trial court, as it should have been, a useless trial and this appeal to us would have been avoided. The matter has been

fraught with irregularities since its instigation by the defendants. Neither the Probate Court nor the Superior Court, sitting as a court of probate on appeal, had the power to interpret the agreement and decide the title to the stock. *Brownell* v. *Union & New Haven Trust Co.*, 143 Conn. 662, 666, 124 A.2d 901.; *Wilson* v. *Warner,* 84 Conn. 560, 566, 80 A. 718; 1 Locke & Kohn, op. cit. § 90. The trial court was in error in attempting to interpret the agreement and, by so doing, to determine title to the stock. It should have rendered judgment sustaining the appeal for lack of jurisdiction in the Probate Court to determine title.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the plaintiff's appeal and setting aside the decree of the Probate Court for lack of jurisdiction.

In this opinion the other judges concurred.