## ANDREW DONAHUE *vs.* WILLIAM COLEMAN.

An officer's return of a levy of execution upon real estate, certified with regard to the appointment of the appraisers, who by statute were to be three disinterested freeholders of the town, as follows:—"And thereupon, the creditor having appointed *A. B.*, and the debtor neglecting and refusing to appoint or to agree on one or more appraisers, I applied to *C. D.*, a justice of the peace, * * who designated *E. F.* and *G. H.*, all indifferent freeholders of said town, appraisers," &c. Held to be a sufficient return that *A. B.* was an indifferent freeholder of the town, as well as *E. F.* and *G. H.*

It is a general rule that a personal relation or an existing state of things, when once established by proof, is presumed to continue till the contrary appears.

But the presumption is merely one of fact, and its effect depends upon the extent to which the quality of permanency enters into the nature of the matter in question. For this reason such a presumption must in some cases be confined to a limited period.

Thus where a debtor went into bankruptcy at a certain date, the inference of continued bankruptcy five months afterwards would be slight; but it would be legitimate evidence to be weighed by the jury.

And in the absence of all evidence on the subject this presumption, though slight, would be controlling.

After the court had charged the jury, counsel for the first time requested the judge to charge further upon a certain point in a certain manner. Held that under the General Rules of Practice (Rule 17, sec. 1,) his client had no right to have the instructions then given reviewed upon a motion for a new trial.

EJECTMENT; brought to the Superior Court in Windham County, and tried to the jury before *Carpenter, J.* Verdict for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*H. Johnson* and *E. B. Sumner*, in support of the motion.

*J. J. Penrose*, contra.

LOOMIS, J. This is an action of ejectment to recover a parcel of land situated in the town of Thompson, to which the plaintiff claimed title by virtue of the levy of an execution in his favor against the defendant. In support

of his title the plaintiff offered in evidence a certified copy of the execution and the officer's return thereon, to which the defendant objected on the ground that the return was on its face insufficient and void.

That part of the return to which the objection applies is as follows :—" And thereupon, the creditor having appointed Jason B. Chandler, and the debtor neglecting and refusing to appoint or agree on one or more appraisers, I applied to Oscar Tourtellotte, a justice of the peace for said county of Windham, residing in said town of Thompson, and by law qualified to judge between said parties, who designated Joseph Bickford and Russell H. Spencer, all indifferent freeholders of said town of Thompson, appraisers to appraise and value said land."

To furnish ground for the defendant's claim that the return fails to describe Chandler as an indifferent freeholder of the town of Thompson, as by statute it was necessary that he should be, the words, " all indifferent freeholders of said town of Thompson, appraisers to appraise and value said land," must be construed as applicable only to Bickford and Spencer, the last two persons named.  But such a construction is neither necessary nor reasonable.  It virtually requires the substitution of the word " both," which designates only two persons, for the word " all," which naturally includes more than two.  And it is worthy of remark that the certificate of the justice appointing Bickford and Spencer appraisers, which the officer has annexed to and made part of his return, refers to the two as " both."  And in the certificate of the appraisers, also annexed, they describe themselves as freeholders of the town of Thompson.

We think the return was in every respect in due form and showed upon its face that all the provisions of the statute relating to a levy on lands had been complied with.

As tending to prove the fact that Chandler was not a freeholder when he was appointed and acted as appraiser, the defendant offered a certified copy of a deed dated November 16th, 1878, from Robert Coit, described as

register in bankruptcy, conveying to Nathan Rawson, described as assignee in bankruptcy, all the estate owned by Chandler on the 31st of August, 1878, except such property as might be exempt by the provisions of the bankrupt act of the United States. And the defendant's counsel claimed, and asked the court to charge the jury, that the effect of this deed was to disseize Chandler of all his freehold estate and to impose on the plaintiff the burden of proving that he had thereafter acquired a freehold estate.

From the motion it would seem that the plaintiff virtually accepted the legal proposition involved in the defendant's request, for, after the introduction of this deed, the plaintiff on his part offered evidence tending to prove that Chandler was in fact a freeholder on the 13th of January, 1879.

The court did not charge as requested, but left it to the jury to determine from all the evidence in the case, whether Chandler was a freeholder or not.

The rule of evidence which the defendant sought to invoke was the familiar one, that an existing state of things or a personal relation, when once established by proof, is presumed to continue till the contrary is shown. 1 Greenl. Ev., § 411. 2 Wharton's Law of Evidence, § 1289.

The presumption in such a case is merely one of fact, and its effect depends on the nature of the matter or condition in question relative to its permanency and uniformity. For this reason such a presumption must in some cases (and we think bankruptcy is one) be confined to a limited range of time.

The deed in this case purported to convey only the estate owned by Chandler on the 31st of August, 1878, but he was appointed an appraiser on the 31st of January, 1879. There are so many ways, according to common experience and observation, that a freehold estate might have come to the party in this interval, that the inference of continued bankruptcy would be slight, but still it was doubtless legitimate evidence and as such it was received by the court and weighed by the jury.

If there had been no evidence on the subject and the question at issue had depended wholly on this presumption, the omission to charge as requested would have furnished ground for a new trial; but in this case the presumption relied upon did not stand without countervailing evidence tending to show after-acquired freehold estate. The appointment of the appraisers and their sworn certificate and the official return of the officer made a *primâ facie* case for the plaintiff, and after the deed was received further evidence was offered tending to show that Chandler was in fact a freeholder. Under these circumstances we do not see how the defendant could have been aggrieved by the action of the court in leaving it to the jury to determine the question by the preponderance of the evidence.

As the counsel for the plaintiff virtually conceded the existence and force of the presumption relied upon and met it by evidence of estate afterwards acquired, we do not think the omission of the court to instruct the jury particularly as to the effect of the deed in raising the presumption could have prejudiced the defendant's cause before the jury. Indeed, the effect of such a mere presumption of fact we think must be quite obvious to the common mind and there is no probability that it was overlooked.

And here we make this further suggestion, that as the bankruptcy proceedings were not in evidence, no authority in Coit to give the deed as register appeared. So that, in strictness, if the point had been made in the court below, the defendant would have been deprived of his sole ground of defence.

The only question remaining is, whether the defendant should have a new trial because the court refused to charge whether there were exemptions under the bankrupt act. This was undoubtedly a question of law for the court, and if the bankruptcy proceedings had been introduced in evidence and the request to charge had been made at the proper time, the omission of the court to charge the jury on the subject would have furnished sufficient ground for a new trial. The delay of the defendant to make any request

till after the court had charged the jury was a clear violation of section first of the 17th rule of the General Rules of Practice, and defeats his right to a decision of the question by this court. The rule referred to is as follows:—
"If the counsel of either party, upon the trial of any action, intends to raise any question of law which may be the subject of a motion for a new trial, he must state the same distinctly to the court before his argument is closed, and in such time as to give the opposite counsel an opportunity to discuss the same, and must request the court to take note of the point. And if this be omitted, it will not be the duty of the court to decide the question, nor reserve the same on a motion for a new trial."

Justice to both the court and the opposite party requires in all cases the strict observance and enforcement of this rule. And in this case especially it would seem very improbable that its application can work hardship to the defendant, for, if the appraiser referred to had not been a freeholder of the town of Thompson, an examination of the land records would easily have established the fact. For some unexplained reason this source of certain evidence was discarded and the defendant's sole reliance was upon the slight presumption raised by the register's deed in bankruptcy.

A new trial is not advised.

In this opinion the other judges concurred; except CARPENTER, J., who, having tried the case in the court below, did not sit.