## ARTHUR J. WETHERELL ET AL. *vs.* WESLEY HOLLISTER.

First Judicial District, Hartford, March Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 130 of the Public Acts of 1889 provides that no person who receives a valuable consideration for a contract made on Sunday, shall defend any action brought thereon, on the ground that it was made on that day, until he restores the consideration. *Held* that the underlying purpose of the Act was to compel parties to such a contract to deal equitably and justly with each other, and that where a return of the identical consideration was practically impossible, the Act required the defendant to pay to the plaintiff, or to offer to pay him, the reasonable value or agreed price of the benefit which he had received from the plaintiff's performance of the contract.

The plaintiffs sought to recover the contract price for work done and materials furnished in roofing over an ice-house for the defendant. The answer alleged that the contract was made on Sunday. *Held* that it was demurrable for failing to aver that the defendant had returned to the plaintiffs the consideration which he had received for the contract.

Chapter 188 of the Public Acts of 1897 forbids the transaction of secular business on Sunday, under a penalty of a fine, and repeals all Acts inconsistent therewith. *Held* that the Act of 1889 above referred to was not thereby repealed.

The burden of proving the averments of a counterclaim rests upon the party pleading it.

The question as to what weight should be given to a photograph, after its verification and admission in evidence, is a matter for the jury.

Argued March 8th—decided April 2d, 1901.

ACTION to recover for work done and materials furnished, brought to the Court of Common Pleas in Hartford County where the plaintiffs' demurrer to the first defense was sustained and the cause was afterwards tried to the jury before *Case, J.;* verdict and judgment for the plaintiffs for $238 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court.   *No error.*

The complaint in this action was the common counts, with a bill of particulars as follows:

" Wesley Hollister,
          " To Arthur J. Wetherell & Son, Dr.
" To work done and materials furnished in building roofs for ice-house as per agreement, $223."

The defendant made two defenses.   In the first he admitted that " on the 5th day of February, 1899, he employed the plaintiffs to build a roof for an ice-house for the sum of $223, as set out in the bill of particulars.   But the defendant says that said contract was made and completed between the hours of 12 o'clock A. M. and 12 o'clock P. M. on the said 5th day of February, 1899, and that said day was Sunday."   The second defense was a counterclaim.

The plaintiffs demurred to the first defense, " because it does not aver that the defendant has returned to the plaintiffs the consideration which the defendant received for the contract therein mentioned."   The plaintiffs denied the second defense.

The court sustained the plaintiffs' demurrer to the first defense.   The issue joined on the second defense was tried to the jury, and the plaintiffs had a verdict.   The court accepted the verdict and rendered judgment for the plaintiffs. The defendant has appealed.

The errors assigned are the sustaining the plaintiffs' de-

murrer to the first defense, certain rulings upon evidence, and portions of the charge to the jury.

*Edward D. Robbins*, for the appellant (defendant).

*Herbert O. Bowers*, for the appellees (plaintiffs).

ANDREWS, C. J.   In 1889 the legislature enacted that " no person who secures a valuable consideration for a contract, express or implied, made on Sunday, shall defend any action upon such contract on the ground that it was so made, until he restores such consideration." Public Acts of 1889, Chap. 130.

The complaint alleged that the plaintiffs had furnished materials and rendered services to the defendant of the agreed value of $223. The first defense admits—if not directly, by not denying it—that this allegation was true. It appears, then, that the defendant has received a benefit to the amount and value of $223, under the agreement which he avers was made on a Sunday and which he seeks to have adjudged void, without returning or offering to return that benefit, or showing any reasons why he should not return it.

In this court the defendant's counsel argue that the Act of 1889 is repealed by Chap. 188 of the Public Acts of 1897. This claim cannot be sustained. The Act of 1889 is not repealed in terms, and there is no such inconsistency between the two Acts as to show that it was repealed by intendment.

The defendant's counsel further argues that the statute of 1889 does not speak of a valuable consideration received *under* or *by way of performance* of a Sunday contract. It provides only for a case where a valuable consideration is received for a contract. He says that the cases which were in the minds of those who framed and of the legislature which enacted this statute of 1889, were cases where one person pays money to another on a Sunday for his contract to sell property or do work, or gives him any valuable consideration for his contract to pay money or deliver property or do work.

We cannot agree with the counsel in this argument. We suppose that the primary purpose of Sunday legislation has been to secure to private citizens the quiet enjoyment of Sunday as a day of rest and to encourage the observance of moral duties, not to enforce an institute of religion. The legislation exempting persons who observe Saturday as a day of rest, from the penalty of the Sunday law, shows this. General Statutes, § 1572; *Hamilton* v. *Boston*, 14 Allen, 475. The legislature evidently did not think that its purpose would be promoted by allowing one who had broken the Sunday laws by entering into a contract on that day, to enrich himself at the expense of the other party to that contract, who was no worse morally than himself. This legislation applied to Sunday contracts the rule which equity applies to all contracts—that no one shall be allowed to enrich himself unjustly at the expense of another. *Park Bros. & Co.* v. *Blodgett & Clapp Co.*, 64 Conn. 28, 34; *Northrop* v. *Graves*, 19 id. 548. " In construing a statute like this the court must consider the nature and reason of the remedy, and, from the language used, give effect to the intention of the legislature if that can be ascertained. And ' such construction ought to be put upon a statute as may best answer the intention which the makers had in view.' 6 Bac. Abr. 384. The intention is to be sought for by a careful examination and consideration of all its parts, and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of every statute. What was the object to be accomplished by the statute? Undoubtedly to make a party defendant to a Sunday contract do equity." *Barry* v. *Clary*, 77 Me. 482, 485. We understand that the legislature in 1889 intended to enact that a party could not defend any action on a contract, on the ground that it was made on Sunday, without restoring, or paying or offering to pay the reasonable value of, any consideration or benefit which the party had received under or by way of the performance of such contract. We think there was no error in sustaining the demurrer to the first defense.

The second defense was a counterclaim. The court instructed the jury that as to the matters charged in the pleadings the burden was on the defendant. If the defendant had offered no evidence on his counterclaim, judgment would certainly have been against him. We think this was correct. " The burden of proof in any proceeding lies at first on that party against whom the judgment of the court would be given if no evidence at all were produced on either side." Steph. Dig. of Ev. Art. 95 ; 5 Amer. & Eng. Ency. of Law (2d ed.), 24 ; 11 id. 535.

Certain photographs, after being verified by the photographer who took them, were offered in evidence without objection. Subsequently there was a good deal of testimony as to whether or not these photographs were correct likenesses. No error in their admission is claimed. The court correctly left the whole question, as to their weight as evidence, to the jury for their determination. We see no error in this. *Cunningham* v. *Fair Haven & W. R. Co.*, 72 Conn. 244.

There is no error.

In this opinion the other judges concurred.