EDWARD L. GRAY, ADMINISTRATOR, *vs.* KATE GRAY GODDARD.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A daughter who applies for letters of administration upon her father's intestate estate cannot be said to be guilty of fraud as matter of law merely because she made no effort to locate a half-brother who had been absent and unheard of for almost forty years and whom she believed to be dead, as she informed the Court of Probate upon presenting her application.

The Court of Probate has exclusive jurisdiction to determine who are entitled to take intestate estate as distributees, and its determination is not re-examinable in the Superior Court except on appeal.

The legal title to personal property, upon the death of its owner, passes to his executor or administrator, and after the payment of debts the property is distributable to the heirs or legatees.

In the present case the trial court concluded that the defendant, who had completed the settlement of her father's estate under and in compliance with the orders of the Court of Probate, had not been guilty of any fraud or concealment whatever with intent to deprive

Gray *v.* Goddard.

her half-brother of his share of the property. *Held* that upon the facts found it could not be said that this inference or conclusion was unreasonable or in violation of any principle of law.

While the statute of limitations does not run in favor of an administrator during the settlement of the estate, it does begin to run after distribution of the property has been completed pursuant to the order of court.

A distributee who receives more than his share of the property because a living heir, unheard of for nearly forty years and therefore presumed to be dead, was not named with the other heirs in the order of distribution, may avail himself of the statute of limitations when sued by the omitted heir for conversion.

Argued April 13th—decided June 27th, 1916.

ACTION to recover damages for alleged fraud in depriving the plaintiff's intestate, who was the original plaintiff, of his distributive share of his father's estate, brought to and tried by the Superior Court in Fairfield County, *Williams, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The complaint states the following case: The plaintiff is the son of Barzilla Gray, who died intestate in Bridgeport May 8th, 1900, leaving an estate of the value of $3,688.42. On May 14th, 1900, the defendant made application to the Court of Probate for the district of Bridgeport for letters of administration on the estate of Barzilla Gray and she was duly appointed administratrix. The defendant unlawfully and fraudulently concealed and withheld the name of the plaintiff from this application as one of the heirs at law and next of kin of the deceased, intending thereby to deprive the plaintiff of his share of the estate. She also intentionally and fraudulently failed to give the plaintiff any notice of the administration of his father's estate, intending thereby to deprive the plaintiff of his right in the estate; and the plaintiff had no knowledge of the administration of this estate until about March 1st,

1906. The complaint also alleged that the defendant, as such administratrix, came into possession of the plaintiff's share of his father's estate and converted the same to her own use.

The answer was divided into two defenses. The first was a denial of the allegations of fraud. It was also averred that in December, 1900, the Court of Probate ascertained the heirs of Barzilla Gray, and ordered his personal estate to be distributed by the administratrix to his heirs, and that, in accordance therewith, the defendant made distribution to each of the ascertained heirs, including herself; and that in making these payments, and in all matters pertaining to the administration of the estate, she acted in absolute good faith upon the advice and as directed by the judge of probate.

The Superior Court found these facts: "Barzilla Gray last dwelt and died in Bridgeport May 8th, 1900, intestate. He had been married three times and left surviving him as his only heirs at law one son, the original plaintiff, Aaron Burr Gray, and three daughters. The son, Aaron Burr Gray, was born to him by the first wife; Susan Gray Whiting . . . was born by the second; and Lucy Gray Lewis of Rome, N. Y., and the defendant, by the third wife, who died in 1885. Barzilla Gray resided with his daughter Kate (the defendant) in Bridgeport for about one year next before his decease. Prior thereto he had resided in the same house in Ansonia for more than fifty years. This fact was well known to his son Aaron. Aaron Burr Gray was bound out when a boy in the town of Weston, and during most of his life of seventy-five years he lived in different towns of Fairfield county. The last thirty years before his death he lived in Norwalk. For more than thirty years prior to the death of Barzilla Gray he and his son Aaron Burr Gray did not see or write to each

other, although the son knew his father lived in Ansonia. The defendant never saw Aaron Burr Gray but once in all her life, and that was at her father's home in Ansonia about 1860, after which time the defendant never saw or heard of Aaron, and for many years believed him to be dead. She had never heard or knew of his having been married or having had any children. Barzilla Gray at his decease left personal estate consisting of money in banks in Bridgeport and Derby amounting to $3,688.42. On May 14th, 1900, accompanied by her sister, Mrs. Lewis, the defendant applied to the Court of Probate for the district of Bridgeport for, and was granted, letters of administration upon her father's estate. At the time of such application the defendant informed the Court of Probate that her father left as his heirs herself, her sister Lucy and her half-sister Susan (whose address she did not then know); also that her father had a son, referring to the original plaintiff, but that so far as she knew he had not been seen or heard of for about forty years, and she believed him to be dead. The judge of the probate court thereupon assumed that such son (the original plaintiff) was then long since dead. No public notice was ordered or given of such application for administration. On July 17th, 1900, the defendant returned, and the Court of Probate accepted, an inventory of the estate showing cash on deposit with bankers in Bridgeport amounting to $3,654.59, and in Derby Savings Bank $33.83, total $3,688.42. On May 14th, 1900, said Court of Probate ordered that six months be limited for the creditors of the deceased to exhibit their claims against the estate; and the defendant, pursuant to the order of said court gave public notice of such order of limitation by posting a notice thereof on the sign post nearest to where the deceased last dwelt in Bridgeport, and by publishing the same three times in

the Bridgeport *Morning Union*, a newspaper having a circulation in this probate district. On December 10th, 1900, the defendant filed in said court her administration account with said estate, showing a balance for distribution of $3,056.77, which account was accepted and approved by said court on December 11th, 1900. Whereupon said court found that the heirs at law and distributees of said estate consisted of Kate Gray Goddard (the defendant), Lucy Gray Lewis (the sister aforesaid) and Susan Gray Whiting (the half-sister aforesaid), and thereupon ordered that said sum be distributed to the heirs, which was thereupon done by the defendant. Susan Gray Whiting received $1,018.92 as her distributive share of her father's estate, Lucy Gray Lewis received $1,018.93, and the defendant $1,018.92. The defendant acted throughout in the premises in perfect good faith and in the belief honestly entertained that the plaintiff had died without ever having married, many years before her father's decease. Aaron Burr Gray learned in Norwalk on May 9th, 1900, that his father had died the day before in Bridgeport. He expressed his purpose not to attend the funeral, which he was informed was to be held at the defendant's home in Bridgeport, and in fact did not attend it. The defendant never did anything to conceal from any one the fact of the death of her father or the proceedings in the probate court aforesaid, or the distribution of the estate aforesaid, and was at no time guilty of any fraudulent conduct or concealment in respect to or concerning any of the proceedings or facts aforesaid. Aaron Burr Gray made no effort to get into communication with his half-sister, the defendant, after his father's death, and the first intimation she had that he was alive was when she was served with process in this action, ten years afterward. Aaron Burr Gray had known for at least more than three years prior to bring-

ing suit that his father had left some estate, but did not concern himself in regard thereto, until December, 1909, when he retained an attorney to bring suit. Aaron Burr Gray died on January 27th, 1911, since the beginning of this action, and his son, Edward L. Gray, is the duly appointed administrator of said estate, which is being settled in the probate district of Norwalk. This death has been suggested on the record, and the administrator of his estate has been substituted as plaintiff. The defendant at the time of making application to the Court of Probate for letters of administration did not know her sister Susan's address. She made inquiries, however, and learned her whereabouts before the estate was settled."

The Superior Court reached the following conclusions: That there was no fraud or concealment of any kind in the premises, on the part of the defendant; that the second defense of the statute of limitations should be sustained; and that upon the facts found judgment should be for the defendant.

*John J. Walsh* and *Edward J. Quinlan*, for the appellant (plaintiff).

*John S. Pullman*, for the appellee (defendant).

RORABACK, J. Section 204 of the General Statutes reads as follows: "Whenever any person acting as executor, administrator, conservator, guardian, trustee, or in any other fiduciary capacity, shall make payments or deliver property or estate under or pursuant to the order of a court of probate having jurisdiction, the person making such payment or delivery, in good faith, and before an appeal is taken from such order, shall not be liable, or in any way holden, for the money so paid, or the property so delivered, although the order, under or

by virtue of which such payment or delivery shall be made, shall afterwards be reversed, vacated, or set aside, but this provision shall not prevent a recovery of such money or property, by the person entitled thereto, from any person receiving or in possession thereof."

The trial court has found that there was no fraud or concealment on the part of the defendant and that in these proceedings she acted honestly and in good faith. The plaintiff contends, however, that the facts found are legally inconsistent with this conclusion, and that it is also controlled by an erroneous view of the law. The plaintiff also claims that the trial court erred in finding certain facts without evidence to support them, and in refusing to find other facts which, it is claimed, were conclusively established by the evidence.

The reasons of appeal are forty-seven in number. At least thirty of them relate to alleged errors in refusing to correct the finding. With but few exceptions there is no occasion to seriously consider these alleged errors. The evidence does not show, neither has the Superior Court found, that the defendant made any effort to locate her brother, who had been absent and unheard of almost forty years, before the probate proceedings in Bridgeport. This fact, if found, would not be of any material importance in the determination of the questions now before us. The Court of Probate had exclusive jurisdiction to determine the persons who were entitled to take as distributees, and its determination of this question could not be re-examined in the Superior Court except by way of appeal. *State* v. *Blake,* 69 Conn. 64, 78, 79, 36 Atl. 1019.

In accepting the application for administration and in passing the order of distribution, the court must have acted upon a presumption of death after an absence of seven years unheard of. If the evidence upon this subject was insufficient, it cannot be said that it was

through any concealment or lack of good faith upon the part of the defendant.

The plaintiff also complains because the Superior Court refused to find, as requested, that Aaron Burr Gray was entitled to one fourth of his father's estate, when it appears that he was an heir at law. The legal title to real property upon the death of the owner vests immediately in the heir or legatee, while the legal title to personal property passes to the executor or administrator, and such property is to be used for the payment of debts and the remainder distributed to the heirs. This principle is so universally accepted that it would be useless to cite any of the numerous authorities so holding.

The other exceptions to the finding do not call for special consideration, and it must therefore stand.

We cannot say that the conclusions drawn by the trial court from the facts found are unwarranted. It appears from the finding that the defendant completed the settlement of the estate in question under the orders of and in compliance with the directions of the Court of Probate. On December 10th, 1900, by the distribution of this estate, she received about $250 more than would have come to her had the plaintiff been named as one of the distributees. It is apparent that the defendant, throughout these proceedings, acted in entire good faith and in the honest belief that Aaron Burr Gray died intestate many years before her father's death. The first intimation she received to the contrary was almost ten years after the final distribution had been made in the settlement of her father's estate. Then she was served with the process in this case, charging her with fraud and concealment. The court below has reached the conclusion that this complaint is untrue. We cannot say that the inference, drawn by the court from the facts found, is unreasonable or in violation of any principle of law.

The statute of limitations also furnishes a good defense to this action. In the settlement of this estate the defendant occupied a position of trust and confidence, and her duties as administratrix were of a high standard. Before the settlement of her administration account and while she was acting as administratrix she was a continuing trustee, when the statute of limitations could have no application, but there must be some limit to the liability of administrators. In the present case, when the defendant had duly settled her administration account and carried out the order of distribution, the statute of limitations began to run. *Wilmerding* v. *Russ*, 33 Conn. 67, 76. The defendant received a certain amount of money, more than she would have been entitled to receive if Aaron Burr Gray had been named as a distributee. This the plaintiff could have recovered in a proper action commenced within the period prescribed by the general statute of limitations. This was not done. When the money came to the defendant by distribution she did not occupy a position of trust. The fact that she had been administratrix, under the circumstances as they are disclosed by the record, did not affect the situation after the final distribution. Statutes of limitation have no application to an open, continuing or acknowledged trust. An administrator remains in the position of continuing trustee, until the final settlement of his administration account, but, after such settlement, the statute of limitations commences to run in his favor. *Wilmerding* v. *Russ*, 33 Conn. 67, 68. The statute of limitations, as to executors and administrators, is not created for their own security and benefit, but for the benefit of the estate which they represent; it is a wholesome provision designed to produce a speedy settlement of estates and the repose of titles derived under persons who are dead. It may work harshly in

some cases, but the law is nevertheless so that, whenever this statute comes in, it applies regardless of the hardships it may work. *Cone* v. *Dunham*, 59 Conn. 145, 161, 20 Atl. 311.

There is no error.

In this opinion the other judges concurred.