TUPCHY M. F. NIKITIUK ET AL. *v.* JOSEPH J. PISHTEY, ADMINISTRATOR C.T.A. (ESTATE OF FRED K. NIKITENKO), ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued March 1—decided April 5, 1966

*Carl D. Eisenman,* assistant attorney general, with whom were *F. Michael Ahern,* assistant attorney general, and, on the brief, *Harold M. Mulvey,*

attorney general, for the appellant (defendant state treasurer).

*Thomas J. Condon,* with whom, on the brief, was *Edward J. Donahue,* for the appellant (named defendant).

*William L. Hadden* and *David B. Salzman,* with whom was *Herman M. Levy,* for the appellees (plaintiffs).

HOUSE, J. This appeal is from a judgment of the Superior Court sustaining an appeal from a decree of the Probate Court for the district of Derby. There is no dispute as to the facts relevant to the appeal. The appellees, whom we will hereinafter refer to as the plaintiffs, are two brothers and a niece of Fred K. Nikitenko, whose estate was settled in the Derby Probate Court. By its decree dated December 15, 1959, that court determined that the plaintiffs were the residuary distributees of the estate, that each of them lived in the Kiev Region in the Union of Soviet Socialist Republics, that, if their distributive shares were sent to them, they would not have the benefit or use of the estate due them, and that special circumstances made it advisable that delivery to them be deferred. Accordingly, under § 45-278 of the General Statutes,[1] it

---

[1] "Sec. 45-278. PROPERTY DUE PERSON RESIDING OUTSIDE UNITED STATES. When it appears that a legatee, distributee, cestui or beneficiary not residing within the territorial limits of the United States of America or any territory or possession thereof would not have the benefit or use or control of property due him and that special circumstances make it desirable that delivery to him be deferred, any court of probate may order that such property be converted into available funds and paid to the state treasurer, to be invested by him at his discretion and, together with any proceeds

was decreed that, after the payment of $15,000 in legal fees to the plaintiffs' attorneys, the balance be paid to the treasury[2] of the state of Connecticut in accordance with the provisions of the state statutes. No appeal was taken from this decree.

Subsequently on May 5, 1960, Charles Recht filed with the Probate Court a petition entitled "Application for payment to Charles Recht, Esq., as grantee under powers of attorney from Dmitry Kusmich Nikittuk, Maria Fomincha Tupchij and Ivan Kuzmich Nikittuk, residuary legatees under the last will and testament of the deceased, the said residuary shares." This petition recited the grant of powers of attorney from each of the plaintiffs to Recht, the terms of the December 15, 1959, decree directing distribution pursuant to General Statutes § 45-278, and that the funds thus turned over were subject to the further order of the Probate Court. It prayed for "an order distributing forthwith to the said three residuary distributees, one-third each of the funds ordered turned over to the State of Connecticut treasury." Significantly, the petition contained no allegation of any change in circumstances since the December, 1959, decree or that the distributees would now have the benefit or use or control of their respective shares if the court modified, revoked or terminated the 1959 decree, which ordered that distribution be deferred.

---

thereof, to be held subject to such further order as such court may enter, provided the reasonable fees, as allowed by such court, of the attorney for any such legatee, distributee, cestui or beneficiary whose funds are payable to the state treasurer hereunder shall be considered a lien thereon and shall be paid by the fiduciary having such funds in charge to such attorney prior to payment to the state treasurer."

[2] No party has made any issue of the designation of the payee as the treasury rather than the treasurer.

By its decree dated June 21, 1961, the Probate Court made a finding, after notice and hearing, that "no evidence was presented which would in any manner alter or change the status of the original order of distribution made by this Court under date of December 19, 1959". Additionally, the decree stated that it remained the opinion of the court that the distributees would not have the full benefit or use or control of the property and that special circumstances made it advisable that delivery to them be deferred. Accordingly, the application of Charles Recht, "as grantee under powers of attorney", was denied.

No appeal from this decree was taken by Recht. The three plaintiffs, however, did promptly appeal to the Superior Court from the 1961 decree denying Recht's petition.[3] The only stated reasons of appeal were simply that the June, 1961, decree was "totally unsupported" by any evidence that the distributees would not have the full benefit or use or control of the property or that special circumstances made it advisable that delivery of their distributive shares be deferred.

The administrator of the estate denied these allegations of the reasons of appeal. The Superior Court at first denied a motion that the state treasurer be joined as a party defendant but after reargument granted his application. The treasurer thereupon filed an answer also denying the stated reasons of appeal. In addition he filed a special defense. This defense pleaded the terms of the

---

[3] In the subsequent pleadings there appears some confusion in the record as to whether the appeal was pursued by the three plaintiffs or by Recht as an individual appellant. The parties, however, have made no issue of the confusion, and we, as they, treat the case as though the legatees were the sole appellants.

December, 1959, decree, which found that the plaintiffs were residents of a foreign country and would not have the use or benefit of the estate and that special circumstances made it advisable that delivery to them be deferred. It further pleaded that, no appeal having been taken by the plaintiffs from that decree, the decree became final and conclusive by operation of law, and as a result it was not necessary for anyone opposing the plaintiffs' claim to prove the issue of use and benefit of the estate again. The special defense further pleaded that at the hearing on the 1960 petition the burden of proof rested with the plaintiffs to show a change in circumstances and that at this subsequent date they were in a different position than in 1959 with respect to the benefit and use of their legacies, that the decree issued following that hearing showed that the plaintiffs had not sustained this burden of proof, and that in this situation the allegations of the reasons of appeal were immaterial to the questions decided in the June, 1961, decree.

A motion to expunge the special defense was granted. This ruling is the first assignment of error on this appeal. The other assignments are directed to the judgment of the Superior Court which concluded that at the hearing on the 1960 petition the defendants had the burden of proving that the plaintiffs would not have the use and benefit of their legacies and that the defendants failed to sustain this burden. The court sustained the appeal.

On this recital of facts it is obvious that although the controversy has its basis in General Statutes § 45-278, commonly called the "Iron Curtain Statute" (Comment, 37 Conn. B.J. 513, 514), the appeal to this court primarily presents disputed questions

of pleading and procedure. Of these, the paramount one is the question where the burden of proof lay on Recht's 1960 petition for an order terminating the deferment of payment to the plaintiffs. The Probate Court held that the burden of proof lay with Recht, and since no evidence was presented which would in any manner alter or change the unappealed 1959 decree, Recht's petition should be denied. As already noted, the plaintiffs' appeal from this decision was limited to the specific claim that the burden of proof was not on the petitioner but rather on anyone opposing the petition, and since the opposition did not prove that the plaintiffs would not now have the use and benefit of the legacies, the Probate Court erred in denying the petition.

By the express provisions of § 45-278, primary jurisdiction to determine that a foreign legatee will not have the benefit or use or control of a legacy is vested in the Probate Court, and, if it so determines, it may order deferment of payment to the distributee and that the funds be held by the state treasurer "subject to such further order as such court may enter." In this case, after a hearing in which the plaintiffs participated, that court found that they would not have the use and benefit of their legacies if they were sent to them and directed that payment be deferred. Since the plaintiffs have not taken an appeal from the 1959 decree, the decree was conclusive as to all relevant matters embraced therein. General Statutes § 45-9; *Kochuk* v. *Labaha,* 126 Conn. 324, 329, 10 A.2d 755; *State ex rel. Beardsley* v. *London & Lancashire Indemnity Co.,* 124 Conn. 416, 422, 200 A. 567; *Gray* v. *Goddard,* 90 Conn. 561, 567, 98 A. 126; *Shelton* v. *Hadlock,* 62 Conn. 143, 151, 25 A. 483. A party can-

not litigate in a second action matters already concluded in a prior one. *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 144, 176 A.2d 571. In the absence of new or changed circumstances, matters already litigated between the same parties are res judicata. *Willis* v. *Keenan,* 144 Conn. 33, 51, 127 A.2d 56; *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196, 91 A.2d 778.

The Probate Court having found in the 1959 proceedings that conditions in the U.S.S.R. were such that the plaintiffs would not have the benefit, use and control of any legacy paid to them, a presumption arose that that condition continued to exist. "The rule . . . that when a personal relation, or state of things, is once established, the law presumes that it continues to exist until the contrary is shown, is too well settled to require discussion." *Bennett* v. *Agricultural Ins. Co.,* 51 Conn. 504, 510; *Goslee* v. *Rowe,* 114 Conn. 1, 5, 157 A. 267; *Pettus* v. *Gault,* 81 Conn. 415, 422, 71 A. 509; *Donahue* v. *Coleman,* 49 Conn. 464, 466; 20 Am. Jur., Evidence, § 207; 1 Greenleaf, Evidence (16th Ed.) § 41. In the absence of any rebutting evidence to the contrary, the Probate Court was entitled to rely on this presumption.

Furthermore, under ordinary rules of practice, the plaintiffs or Recht had the burden of proving entitlement to the relief claimed in the 1960 application to terminate the order deferring payment. "It is an elementary rule that whenever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such party to show the existence of such fact." *Citizens Assn.* v. *Bridgeport,* 84 Conn. 383, 387, 80 A. 203. " 'The burden of proof in any proceeding lies at first on that party against whom the

judgment of the court would be given if no evidence at all were produced on either side.'" *Wetherell v. Hollister,* 73 Conn. 622, 626, 48 A. 826 (quoting Stephen, Digest of Evidence, art. 95). "A plaintiff prevails not by reason of the weakness of the defendant's case but because of the strength of his own." *Silva v. Hartford,* 141 Conn. 126, 128, 104 A.2d 210. "The question whether the burden of proof rests with a plaintiff or defendant may be determined by ascertaining which party, without evidence, would be compelled to submit to an adverse judgment on the pleadings. This fact is determined from the pleadings before the introduction of any evidence. Generally speaking, the burden of proof with its incidental right to open and close is, in the first instance, with the party who initiates the action or proceeding and remains with him so long as it continues incumbent upon him to make any proof whatever." 20 Am. Jur., Evidence, § 136.

The special defense filed by the state treasurer alleged res judicata on the basis of the 1959 decree. This defense must be specially pleaded. Practice Book § 120; *Gaer Bros., Inc. v. Mott,* 144 Conn. 303, 310, 130 A.2d 804. It also raised the material issue as to where the burden of proof lay on the 1960 petition. "Technical rules as to the formation and determination of issues are not properly applicable to reasons of appeal from probate." *Reed v. Reed,* 80 Conn. 401, 407, 68 A. 849. A motion to expunge should not be used to test substantial rights and should not be used when it is in effect a demurrer. Practice Book § 100; *Harris v. First National Bank & Trust Co.,* 139 Conn. 749, 753, 97 A.2d 260; *Bock v. Meriden Trust & Safe Deposit Co.,* 135 Conn. 94, 101, 60 A.2d 918; *Morico v. Cox,* 134 Conn. 218, 221,

56 A.2d 522. The pleading, which clearly set out a proper special defense and precisely delineated the controlling issues, should not have been expunged.

The erroneous ruling on this motion, however, is not controlling on the disposition of the present appeal since the question as to where the burden of proof on the 1960 petition lay was raised by the plaintiffs' reasons of appeal and determined by the Superior Court on the appeal. As we have indicated, the statute vests in the Probate Court primary jurisdiction to determine whether a resident of a foreign country would receive the use and benefit of a legacy distributed to him, and on appeal from that court the Superior Court could go no further than to determine whether that discretion was legally and reasonably exercised. *Baldwin* v. *Tradesmens National Bank,* 147 Conn. 656, 659, 165 A.2d 331; 1 Locke & Kohn, Conn. Probate Practice § 218, p. 446. As a result of an erroneous conclusion that under the circumstances the defendants had the burden of proof rather than the petitioner, the trial court concluded that the 1961 decision of the Probate Court was not a legal and reasonable exercise of its discretion. Since its basic conclusion as to where the burden of proof on that petition lay was erroneous, its ultimate conclusion that the appeal should be sustained cannot stand. On the contrary, the Probate Court correctly determined that the burden of proof on the 1960 petition rested with the petitioner, and, since he failed to sustain that burden, it cannot be held that the decision of that court was not reached in the legal and reasonable exercise of its judicial discretion.

While this conclusion governs the disposition of the present appeal, we have, on the prayer of the plaintiffs, considered the question raised by their

bill of exceptions to the ruling granting the motion of the state treasurer to be joined as a party defendant in these proceedings. We are impelled to do so in view of the continuing jurisdiction of the Probate Court over the final distribution of the funds now held by the state treasurer and the clear indication that another petition for distribution may be filed at some future date, at which time the same question will arise. Both by statute (General Statutes §§ 52-102, 52-107 and 52-108) and by rule (Practice Book §§ 61 and 62), the court is granted broad discretion to add or drop parties to proceedings before it. In this instance the state treasurer was the statutory custodian in possession of the res which was the subject of the litigation. The granting of the motion to make him a party defendant neither enlarged the scope of the appeal nor delayed its determination. It cannot be held that the granting of the motion was an abuse of the court's discretion.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.