HARWINTON DRILLING AND ENGINEERING COMPANY, INC. *v.* PAUL S. ZOCCO ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 265

---

572

Argued September 14—decided December 10, 1976

*David M. Call*, for the appellant (defendant).

*John L. Gerardo*, for the appellee (plaintiff).

SPONZO, J. This action was commenced by a common counts writ against the defendants, Paul S. Zocco and Paul S. Zocco Builders, Inc. The plaintiff claimed damages for the installation of four water pumps in wells located on four individual lots plus a small balance due for drilling the wells. The defendants filed general denials. Judgment was rendered in favor of the plaintiff against the corporate defendant only.

The finding reveals that in the spring of 1970 the plaintiff did business with Paul Zocco, who was the owner, president, treasurer and sole stockholder of the defendant corporation. At the same time Paul Zocco was the owner, president and sole stockholder of Turnkey Constructors and Developers, Inc. During that period the plaintiff drilled four wells and installed pumping systems at four individual homes in the town of Hebron. The plaintiff initially prepared a contract with the defendant Paul Zocco but he refused to sign it. The first bill for drilling the wells was sent to a Mr. Zimmer,

owner of the land upon which the wells had been drilled, who returned it to the plaintiff. The bill was then forwarded to the defendant corporation. On May 11, 1970, Paul Zocco called the plaintiff to install the pumps. The plaintiff, however, refused to install the pumps until Paul Zocco delivered a check in payment of the bill for the wells which had been sent to the defendant corporation. The president of the plaintiff corporation waited at the site to receive that payment and the pumps were installed only after he had received the check from Paul Zocco. After installing the pumps the plaintiff sent a bill for the pumps in the amount of $2400 to Paul Zocco because he had ordered the pumps and also had delivered the check in payment of the bill for the wells.

The principal assignment of error[1] attacks certain conclusions of the court which the appellant claims have no support in the finding. No attack is made on the conclusions that Paul Zocco is the owner, sole stockholder and president of two corporations, Paul S. Zocco Builders, Inc., and Turnkey Constructors and Developers, Inc., and that Paul Zocco at all times acted in his corporate capacity and not as an individual. The appellant, however, contends that the court erred in concluding that Paul Zocco, acting in his corporate capacity for the defendant corporation, entered into an oral agreement for the drilling of wells and installation of the pumping systems. In addition, the defendant corporation disagrees with the conclusion of the court that it is liable to the plaintiff for the installation of the pumping systems. The evidence and the reasonable inferences drawn therefrom establish that the

[1] Although the appellant assigns as error the failure of the court to correct certain findings of fact, there is no merit to that assignment because either the appellant abandoned a portion of that assignment of error during argument or the transcript adequately supports the finding.

defendant corporation was billed for the wells, that Paul Zocco delivered a check in payment for the wells and that Paul Zocco ordered the pumping systems after delivering payment for the wells. Those facts, and the defendant's failure to plead specially the responsibility of Turnkey Constructors and Developers, Inc., for the payment of the debt, satisfied the trial court that the defendant corporation paid for the wells and was also liable to pay for the installation of the pumping systems.

It is an elementary rule of law that the burden of proof rests on the party making a claim to establish the existence of any fact which is necessary to make out his case. *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 552–53. In this case the burden of proof rested on the plaintiff to prove by a fair preponderance of the evidence that the corporate defendant owed it $2400 for the installation of pumping systems and a $20 balance for drilling the wells. The court found that the plaintiff completed both the well drilling and the pump installation. Paul Zocco ordered the particular pumps from the plaintiff. At all times Zocco was acting in a corporate capacity rather than an individual capacity. After the wells were completed a bill was rendered to the defendant corporation. The plaintiff waited to be paid for the wells before installing the pumps. Paul Zocco delivered the check for the wells to the plaintiff and then the pumps were installed. Those facts furnish a sufficient basis for the court's ultimate conclusion that the defendant corporation entered into an oral agreement with the plaintiff for the drilling of wells and the installation of pumping systems.

After the plaintiff rested, the defendant presented evidence that Paul Zocco was also president and sole stockholder of Turnkey Constructors and Developers, Inc. Although the defendant corpora-

tion attempted to introduce evidence as to the involvement of Turnkey Constructors and Developers, Inc., with respect to the wells and pumping systems, the plaintiff made timely objections which were sustained and to which the defendant took no exception. Since the subordinate facts found are sufficient to support the judgment against the defendant corporation, it is unnecessary for us to review the propriety of any inference which the court may have drawn from the failure of the defendants to have pleaded specially that Turnkey Constructors and Developers, Inc., the other corporation with which Paul Zocco was involved, was liable for the debt. The defendant has not assigned as error the ruling of the trial court upon the admissibility of the evidence offered by the defendants under their general denial to prove that Turnkey Constructors and Developers, Inc., was obligated to pay the plaintiff's bill rather than the defendant corporation.

There is no error.

In this opinion PARSKEY and D. SHEA, Js., concurred.