[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 27, 1994, the plaintiffs Ona Kiauliene and Kazimieras P. Kukenis, both citizens and residents of the Republic of Lithuania, filed this one count lawsuit against Nellie Kukenis, a citizen of the United States and a resident of Waterbury, Connecticut. The complaint alleges that the defendant, as administrator of the estate of the late William CT Page 7345 Kukenis ("the decedent") and as his first cousin, distributed to herself the decedent's entire estate under the allegedly mistaken belief that she was the decedent's only heir. The plaintiffs allege that they are also the decedent's first cousins and claim that the defendant was unjustly enriched by the distribution of decedent's estate. The plaintiffs allege that on May 6, 1992, the Probate Court accepted a final accounting for the decedent's estate.
On April 27, 1994, the defendant, through counsel, filed an appearance and a motion to dismiss the complaint. The plaintiff filed a timely objection to the motion to dismiss.
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v.Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). The defendant moves to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction because the plaintiffs have failed to file an appeal of the Probate Court's decision approving the final accounting within the time prescribed by General Statutes §§ 45a-187 (a) and 45a-188 (c) and further have failed to adhere to the proper procedures for taking a probate appeal.
In opposition to the motion, the plaintiffs argue that the present action is validly brought not as an appeal from the Court of Probate, but as a separate action against the distributee based on unjust enrichment. In support of this argument, the plaintiffs cite 31 Am.Jur.2d 256, § 587, for the proposition that when a distribution is made by mistake "and under certain circumstances, where distribution is made under a mistake of law as to a person whom all parties involved honestly believe to be a beneficiary, the real beneficiary is entitled to recovery in a court of equity from the distributee on the theory of unjust enrichment."
In Connecticut, the court has held that "an order of distribution, if erroneous, does not protect persons receiving distribution under it from liability to others who were erroneously omitted in the order. Dickinson v. Haves, 31 Conn. 417,426; Gray v. Goddard, 90 Conn. 562, 569, 98 A.2d 126
[(1916)]; 1 Locke Kohn, Conn. Prob. Practice 155 n. 18; Id. § 595." Adams v. Williamson, 150 Conn. 105, 111, 186 A.2d 157
(1962). In 1 Locke Kohn, supra, it is proposed "that a distribution decree omitting a certain heir-at-law will not CT Page 7346 protect the distributee from liability over to the omitted heir for unjust enrichment." 1 Locke Kohn, supra, § 155 n. 18, citing Gray v. Goddard, supra, 90 Conn. 569. Similarly, General Statutes § 45a-202 (b) dictates that the provision, which protects fiduciaries of estates from payments made in good faith, "shall not prevent recovery of such money or property, by the person entitled thereto, from any person receiving or in possession thereof."
In Gray v. Goddard, supra, 90 Conn. 562, the son of the decedent sued his sister in Superior Court ten years after the administration and distribution of his father's estate, claiming that the defendant/sister fraudulently concealed his whereabouts or existence from the Probate Court, and thereby, excluded him from the decree of distribution of their father's estate which she administered. The Supreme Court upheld the Superior Court's finding that, although the defendant sister knew of her brother's existence, the brother had not been heard from for over thirty years prior to the father's death, and had been presumed dead, that the defendant had distributed the estate in good faith under General Statutes § 204 (now General Statutes § 45a-202). The court noted that the Superior Court has made no finding that the defendant had attempted to contact the brother before the probate proceedings. The court held that this fact was immaterial, noting that the "Court of Probate had exclusive jurisdiction to determine the persons who were entitled to take as distributee, and its determination of this question could not be re-examined in the Superior Court except by way of appeal." Id. 567. The court went on to note, however, that "the defendant received a certain amount of money, more than she would have been entitled to receive if [the plaintiff/brother] had been named as a distributee. This the plaintiff could have recovered in a proper action commenced within the period prescribed by the general statute of limitations." Id., 569.
Therefore, a party erroneously omitted from receiving a distribution of an estate can bring an action against the distributees based on the theory of unjust enrichment, if properly brought within the statute of limitations applicable to an action for unjust enrichment. Id., Adams v. Williamson, supra, 150 Conn. 111.
Accordingly, it is found that the plaintiffs' action is not an appeal from the decree of the probate court, and does not seek to set aside the decree of the probate court, but, rather, CT Page 7347 it is an action against a distributee based on a theory of unjust enrichment. Gray v. Goddard, supra, 90 Conn. 562; Adamsv. Williamson, supra, 150 Conn. 111. As such, this court has jurisdiction over the matter and the defendant's motion to dismiss is denied.