[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COURT'S RULINGS ON DEFENDANT'S REQUESTS TO REVISE
1) Denied:
 By stating in its objection that Count I only "stands" in breach of fiduciary duty adequate notice of the claim is given and the plaintiff is bound by that representation.
2) Denied:
 Paragraphs 1-12 of the First Count do make factual allegations. The plaintiff simply bases several theories of relief on the same factual allegations.
3) Granted:
 Series of factual allegations are set out in paragraphs 1-12. However, defendant is entitled to know if legal theories advanced in paragraph 13 are based on all or part of these factual allegations. Unless plaintiff specifically refers to factual allegations on which theory of relief is based defendant at trial won't have opportunity to object that evidence is outside allegations of complaint. Mocarski v. Palmer, 132 Conn. 349, 355 (1945).
4) Appropriate remedy is motion to strike to test what if any legal theory could justify relief claimed in second count. The problem if any with the plaintiff's pleading as to the second count is not that there is inadequate factual allegations to support an asserted theory of recovery but whether the factual allegations support any recognized cause of action. A motion to strike is the appropriate way to test this. Royce v. Westport, 183 Conn. 177, 180 (1981), CT Page 9212 Nikitiuk v. Pishtey, 153 Conn. 545, 553 (1966).
5) Granted:
6) Granted:
 No useful or evidentiary purpose is served by use of this language. Plaintiff's proof will not be limited in any way.
7) Plaintiff to delete.
8) Denied:
See ruling on (4) supra.
9) Granted:
 Defendant is entitled to know factual basis of allegation in paragraph 14 of Fourth Count. P.B. 108.
10) Denied:
 In response to request to revise plaintiff is bound by representations as to nature of cause of action in each count. Based on that representation and factual allegations defendant has appropriate notice and can test either count by a motion to strike if it deems that is justified.
11) Plaintiff to revise.
12) Granted:
 Court is confused as to purpose of Sixth Count. Plaintiff does not seem to claim it sets forth a separate cause of action but merely asks for different relief on a cause of action previously stated. Unlike (4) supra court can't surmise whether this count in fact attempts to set forth a separate cause of action.
13) Plaintiff to delete. CT Page 9213
14) Plaintiff to revise.
15) Denied:
 Again, motion to strike is appropriate vehicle to test defendant's objection to claim for relief.
Corradino, J.