[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's motion to strike is granted as to the first, second and fourth special defenses and as to the revised third special defense. First, these defenses are beyond the ambit of defenses that may be asserted in a summary process action pursuant to Fellows v. Martin, 217 Conn. 57 (1991); these claims belong in another forum. Second, the defendant lacks standing to assert the claims embodied in these special defenses.[1]
The motion to strike is denied as to the fifth, sixth and seventh special defenses, without prejudice to renew in a post-trial brief.
The plaintiff's motion to strike the first count of the counterclaim on the basis of res judicata[2] is denied. Res judicata is a special defense; Practice Book § 164; and therefore "must be specially pleaded." Nikitiuk v. Pishtey,153 Conn. 545, 553, 219 A.2d 225 (1966). "A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel." Statewide Grievance Committee v. Presnick,216 Conn. 127, 137 n. 3, 577 A.2d 1054 (1990); see Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993)("Because res judicata or collateral estoppel, if raised may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of res judicata"). "Of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised the issue may not be resolved by way of summary judgment." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985).[3]
The motion to strike the second count of the counterclaim is granted because it exceeds the ambit of counterclaims that may be asserted in a summary process action pursuant to Fellows v.Martin, 217 Conn. 57 (1991). CT Page 10527
BY THE COURT
Bruce L. LevinJudge of the Superior Court